HENRY GRUBE *v.* JOHN F. SCHULTHEISS AND OTHERS.

Where work is to be done " agreeably to the plans and specifications prepared for the same by A. and B., the architects, and also according to directions and the entire satisfaction of the said architects," the approval of the work by the architects—in the absence of fraud—is decisive as between the parties.

Where testimony has been offered on both sides of a question, the decision of a referee, like the verdict of a jury, ought to be disturbed only where some error of law has been committed on the trial, or where there is gross error in the findings of fact, showing prejudice or misconduct, or where it is against testimony intrinsically overwhelming.

APPEAL by defendants from a judgment of this court entered on the report of a referee.

The facts are stated in the opinion.

*J. H. Cornell*, for appellants.

*Sackett, Webster & Sackett*, for respondent.

BY THE COURT.[*]—ROBINSON, J.—The main question of fact presented in this case was, whether the plaintiff built the hall at Jones' Woods, referred to in the contract between him and the defendants, Schultheiss & Bohnet, " agreeably to the plans and specifications prepared for the same by Schultz & Schoen, architects, and also according to directions, and the entire satisfaction of said architects."

That he did so to the satisfaction of these architects was best shown by their positive testimony ; and that the work conformed to the contract was also shown by the testimony of other witnesses, though controverted by witnesses produced on the part of the defendants. The latter issue was determined by the referee upon these conflicting proofs.

On examination of the voluminous case, no error of law

[*] Present, DALY, Ch. J., ROBINSON and J. F. DALY, JJ.

appears to have been committed, nor is any suggested in defendants' points ; and as to the questions of fact, there was no such preponderance of proof in favor of the defendants as shows injustice was done them in the determination of the referee.

It might have been well urged that, under the terms of the contract, the architects were to act as judges or arbitrators, and that in the absence of fraud (which was not shown or scarcely suggested) their approval of the work was decisive as between the parties (*Butler* v. *Tucker*, 24 Wend. 447 ; *Wyckoff* v. *Meyers*, 44 N. Y. 143). Defendants were, however, allowed to present the issue of fact before the referee, uncontrolled by the architects' mere approval, and it has been decided against them upon conflicting proofs.

There was also the extra work done, the amount and value of which has been found by the referee upon the evidence offered before him. Some delay occurred in the completion of the contract work beyond the specified time ; but the referee finds, on conflicting proofs, that such delay was occasioned by the alterations and *extra* work, and by other delay caused by the defendants, Schultheiss & Bohnet.

The proofs fully warrant such findings, and the decision of the referee, like the verdict of a jury, where testimony has been offered on both sides of a question, ought only to be disturbed, where some error of law has been committed on the trial, or where there is gross error in the findings of fact, showing prejudice or misconduct, or where the decision is against testimony intrinsically overwhelming.

Nothing of this character appears in the present case, and the judgment should be affirmed, with costs.

Judgment affirmed.