### St. John v. Potter.

*(Common Pleas of New York City and County, General Term. June 6, 1892.)*

BUILDING CONTRACT—ARCHITECT'S CERTIFICATE.

In an action for services rendered in rebuilding the foundation of a mausoleum, it appeared that, under the contract between the parties, all payments were to be subject to the architect's approval, and that defendant might make "any alteration, deviation, additions, or omissions from the said contract," which should not avoid the contract, but be duly allowed for in payment. The foundation was not mentioned in the contract, and there were no specifications. *Held* that, in the absence of proof that the rebuilding of the foundation was, in contemplation of the parties, a part of the work provided for by the contract, payment therefor was not subject to the architect's approval.

Appeal from **city court,** general term.

Action by Mary A. St. John against Henry A. Potter to recover for services rendered and materials furnished. From a judgment of the general term of the city court, affirming a judgment for plaintiff on the report of a referee, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF, J.

*Dill, Chandler & Seymour,* (*James B. Dill,* of counsel,) for appellant. *Lorenzo Semple,* for respondent.

BISCHOFF, J. The action was brought to recover for work, labor, and services rendered and materials furnished for and at the request of the defendant in the removal and rebuilding of the foundation intended for the mausoleum to be erected for him at Rosedale Cemetery, Orange, N. J. The defense was that such services were performed and the materials furnished under a written contract, pursuant to the terms of which payment was only to be made upon production of the architect's certificate of approval, which had been omitted. The evidence taken upon the trial is not returned to us, and we are therefore to accept the facts as they were found by the referee, and to inquire only whether those facts sustain the conclusion that plaintiff is entitled to the judgment appealed from. *Schwartz* v. *Weber,* 103 N. Y. 658, 8 N. E. Rep. 728; *Travis* v. *Travis,* 122 N. Y. 449, 25 N. E. Rep. 920.

It appears that on August 30, 1888, the parties entered into a written contract by which plaintiff undertook "to erect and finish the new building known as the 'Henry A. Potter Mausoleum,' at Rosedale Cemetery, Orange, N. J., agreeably to the drawings and specifications made by John P. Hardenburgh, Jr., architect, and signed by the parties, and hereto annexed, within the time aforesaid, in a good, workmanlike, and substantial manner, to the satisfaction and under the direction of the said architect, to be testified by a writing or certificate under the hand of said architect," and to "find and provide such good and proper Clark's island granite as shall be proper and sufficient for the completing and finishing all the said granite work as per three-quarter inch scale drawing made by the architect, for the sum of four thousand four hundred dollars, ($4,400.00.)" It was also agreed by the parties that payment of

the several installments should only be made upon the plaintiff's production, in each instance, of the architect's certificate of the facts entitling him to the payment; that "the specifications and the drawings are intended to co-operate, so that any works exhibited in the drawings and not mentioned in the specifications, or *vice versa*, are to be executed the same as if it were mentioned in the specifications and set forth in the drawings, to the true meaning and intention of the said drawings and specifications, without any extra charge whatsoever;" that "should the owner at any time during the progress of the said building request any alteration, deviation, additions, or omissions from the said contract, he shall be at liberty to do so, and the same shall in no way affect or make void the contract, but will be added to or deducted from the amount of the contract, as the case may be, by a fair and reasonable valuation;" that all differences which might arise respecting the true construction and meaning of the drawings and specifications should be referred to the architect for his final decision; and that, if there should be any dispute respecting the value of extra work, or work omitted, it should be determined by arbitration. It does not appear that the specifications referred to in the contract were produced upon the trial, none appear among the papers submitted, and it is conceded by appellant's counsel that they never had existence, and to this latter fact the present obscurity concerning the extent of plaintiff's undertaking is apparently attributable. The drawings, however, were produced, and appear as defendant's Exhibits 2 and 3, and from these it appears that the mausoleum was intended to consist of a superstructure of granite, the foundation of which was to be of brick. On the trial plaintiff disputed whether the services and materials for which she sought to recover in this action were among those required of her under the contract. The burden of proving that they were rested upon the defendant, and, if he has not sustained it, the referee's finding that the services and materials mentioned in the complaint were rendered and furnished at the request of the defendant, and that they were reasonably worth the sum of $423.80, plainly authorized the judgment rendered. As matters of fact the referee also reported, at the request of the defendant, that, at the time of the execution of the contract, no work had as yet been performed, either upon the superstructure or its foundation; that a first foundation was built about October or November, 1888; that in April or May, 1889, before the building was completed, and after plaintiff had caused the granite work to be prepared and shipped from Maine to Orange, N. J., ready for use, defendant requested plaintiff to remove the foundation then built, and to rebuild it; that the services rendered and the materials furnished, for which recovery was sought in this action, were those rendered and furnished, in the removal and rebuilding of the foundation, and that such services and materials were not among those called for by the drawings; that plaintiff had failed to show that the services and materials were of the quality required by the contract, or that they were done or furnished to the satisfaction of the architect, nor had the latter's certificate of approval been obtained or produced, or its nonproduction excused; that in May, 1889, plaintiff had demanded payment for the services and materials in suit, and that such payment was refused by the defendant because the architect's certificate had not been given or produced; that plaintiff had not shown that she had offered to refer any dispute to the architect, or to have the value of the work ascertained by arbitration, as provided for in the contract.

It is conceded by respondent's counsel, and too well settled in principle and by authority to admit of any dispute, that if one person agrees to perform services and furnish materials for another, under the direction of and subject to the approval of a third, to be attested by his certificate in writing before payment shall be required to be made, the production of the certificate will constitute a condition precedent upon the performance of which the right to enforce payment is dependent, and that unless the certificate is produced or

waived, or its nonproduction sufficiently excused, no recovery can be had for the services performed and the materials furnished. The sole question, therefore, upon this appeal is, do the facts reported show the services and materials rendered and furnished in the removal and rebuilding of the foundation to have been among those undertaken by plaintiff by the contract? If they do, then the judgment is erroneous. If they do not, then plaintiff's recovery was proper. Manifestly the referee assumed the facts insufficient to show that they were, and treated the service and materials as independent of the contract and unaffected by its provisions, and upon the tenableness of this assumption the validity of the judgment must depend. Can we say that the referee erred? The contract provided that plaintiff should erect and finish the building agreeably to certain drawings and specifications, and to these we are referred to ascertain the extent of plaintiff's obligation. But there were no specifications. How, then, can we say what was required of plaintiff? Our attention is directed to the clause which provides that the specifications and drawings are intended to co-operate, and it is urged that, if the foundation is apparent from the drawings, the building of it must be taken to be among the work which plaintiff has promised to perform. But this same clause says that the work which plaintiff is expected to do when it is exhibited in the drawings is work not mentioned in the specifications. How are we to ascertain that the foundation, conceding it to be apparent in the drawings, was not to be mentioned in the specifications, to which the contract refers us as one of the means by which the extent of plaintiff's work is to be measured? It may have been the intention of the parties to mention the foundation in the specifications as not included in the work undertaken by plaintiff, and we cannot, in the face of the provision that the extent of the work shall be determined from the drawings and specifications, determine it with reference to the drawings only. Plainly, then, the omission of the specifications mentioned in the contract occasioned a latent ambiguity in the latter, which was curable only by extrinsic evidence of what these specifications were intended to contain. Without the aid of such extrinsic evidence, defendant was not entitled to have found as a matter of fact that the building of the foundation was among the work contemplated by the parties when they entered into the contract, and without that fact the defense that plaintiff had not produced the architect's certificate of approval is not maintainable. Or are we to assume that because plaintiff contracted to perform a part of the services, or to furnish a part of the materials, required for the purposes of the mausoleum, that, under the clause respecting "alterations" or "additions," she was obliged to perform all other services and to furnish all other materials which might be required for its completion? We are unable to agree with such an interpretation of that clause. A more reasonable interpretation of it, and one more in consonance with the real intention of the contracting parties, is that it had reference only to services and materials of like kind and quality as those which were required for the work constituting the subject-matter of the contract, and that the parties contemplated no more than a possible departure from the original design of the principal and incidental work specifically contracted for, and that neither at the time had in mind work which defendant might thereafter desire to have executed, but which, in its general character, when executed, would not constitute an integral part of that specifically contracted for; as, for instance, the building of a granite inclosure of the land upon which the mausoleum was intended to be erected. And for the reason, already stated, that we cannot determine what work plaintiff was or was not to do under the contract, we cannot say that the services and materials required for the removal and rebuilding of the foundation were rendered and furnished because of a departure from the original design of the work which she has undertaken to execute, or that they were otherwise among the services and materials contemplated when the parties executed the contract. It was in-

cumbent upon appellant to show affirmatively that an error was committed, to his prejudice, and he has failed to do so.  *Tracey* v. *Altmyer*, 46 N. Y. 598, 604; *Appleby* v. *Bank*, 62 N. Y. 12, 18; *Carman* v. *Pultz*, 21 N. Y. 547; *Briant* v. *Trimmer*, 47 N. Y. 96.  The judgment should be affirmed, with costs.