### FAY v. MUHLKER.

*(Common Pleas of New York City and County, General Term. November 7, 1892.)*

1. MECHANIC'S LIEN—TIME OF FILING.

   Where buildings are constructed by a contractor, and afterwards, through the fault of others in allowing an overflow of water, the area walls become defective, taking down and rebuilding them is not a work required by the contract, as due to "alterations in the plan of construction," but an independent work.

2. SAME—COMPLETION OF CONTRACT.

   The doing of independent work by a contractor, on request after the original work has been done, does not enlarge the time allowed by Laws 1882, c. 410, after "completion of his contract," for the filing of a lien; since the doing of the work, and not its acceptance, marks the completion of the contract. *Watts-Campbell Co. v. Yuengling*, 25 N. E. Rep. 1060, 125 N. Y. 1, distinguished.

Appeal from judgment on report of referee.

Action by Michael Fay against Henry Muhlker to foreclose a mechanic's lien claimed under the provisions of sections 1807–1823, c. 410, Laws 1882, "Consolidation Act," (chapter 379, Laws 1875,) relating to mechanics' liens in the city of New York. From a judgment for defendant, entered on the report of a referee, for the amount of counterclaims in excess of the amount adjudged to be due on such lien, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, P. J., and BISCHOFF and PRYOR, JJ.

*M. J. Earley*, (*Earley & Prendergast*, of counsel,) for appellant. *Austen G. Fox*, for respondent.

BISCHOFF, J. This action was to foreclose a mechanic's lien claimed under a notice filed June 7, 1884. At that time the law in force, relative to such liens in the city of New York, was Laws 1882, c. 410, §§ 1807–1823, "Consolidation Act," (chapter 379, Laws 1875,) which provided that, as a requisite to the acquisition of a valid lien, "every original contractor" must file with the county clerk of the county, "within sixty days after the completion of his contract," a claim setting forth certain particulars, which, in so far as concerns this appeal, need not be here enumerated. The law did not, in express terms, as by section 15, c. 342, Laws 1885, provide that in an action brought to foreclose a lien, if the plaintiff should for any cause fail to establish its validity on the trial, he might, notwithstanding that fact, be permitted to recover a personal judgment against the party at whose instance the work was done, or the materials were supplied, as the case might be; and, in the absence of such a provision, this court has held in *Hubbell v. Schreyer*, 14 Abb. Pr. (N. S.) 284, (reversed upon other grounds, 56 N. Y. 604, opinion in full, 15

Abb. Pr. [N. S.] 300,) that a personal judgment could be rendered for the indebtedness only which has accrued under a contract, and respecting which the lien is, at least, partly valid. See, also, *McGraw* v. *Godfrey*, 14 Abb. Pr. (N. S.) 397; *Spencer* v. *Barnett*, 35 N. Y. 94.

The claim filed was for $1,105, of which $500 was alleged to be due for the balance of the last payment specifically agreed to be made by defendant, pursuant to a written agreement entered into by the parties, upon the architect's certificate that the buildings which plaintiff was to erect had been completed, and $605 for various items of extra work. It was not disputed on the hearing before the referee that the $500 item was unpaid, but as to this the defense was interposed that the architect's certificate had not been procured. Plaintiff conceded that no certificate in writing had been had from the architect, and claimed that it was waived. Evidence to establish the fact of the waiver was introduced on plaintiff's behalf, and its finding requested of the referee, but refused. The referee found, from abundant evidence, that all the work under the written agreement was fully performed by plaintiff; that plaintiff had performed extra work of the value of $280; that all the work, that done under the written agreement and the extra work, except an item of $55 of the latter which was for taking down and rebuilding the area walls, was completed before April 4, 1884; that the work of taking down and rebuilding the area walls was not completed until after April 7, 1884, and was done under an oral contract separate and distinct from the written agreement; that plaintiff's claim of a lien was filed more than 60 days after all the work, except that of taking down and rebuilding the area walls, had been completed; that as to the work last excepted the claim of a lien was filed within 60 days after its completion; that there was due defendant upon his counterclaims $209; and from these facts the referee concluded that plaintiff's lien extended only to the item of $55 for taking down and rebuilding the area walls; that the lien was extinguished by the counterclaims; and directed judgment for the defendant for the amount of his counterclaims in excess of the amount for which plaintiff's lien was adjudged valid.

By express stipulation of the parties, which may be found at the end of the case, all questions which might otherwise arise concerning the allowance of defendant's counterclaims are eliminated from our consideration on this appeal. Though the written agreement did not expressly require the architect's certificate to be in writing, such is implied by the word "certificate." And. Law Dict. p. 160; 3 Amer. & Eng. Enc. Law, p. 59. Its procurement by plaintiff constituted a condition precedent upon the performance of which his right to payment was dependent, (*St. John* v. *Potter*, [Com. Pl. N. Y.] 19 N. Y. Supp. 230; *Thomas* v. *Fleury*, 26 N. Y. 26; *Wyckoff* v. *Meyers*, 44 N. Y. 143; *Glacius* v. *Black*, 50 N. Y. 145; *Martin* v. *Leggett*, 4 E. D. Smith, 255; *Grube* v. *Schultheiss*, 4 Daly, 207, affirmed, 57 N. Y. 669;) and, to maintain his right to recover the $500 item in this action, he was necessarily compelled to show either that the certificate was wrongfully withheld, or that it was waived. He undertook the latter, on the hearing before the referee, and cannot on this appeal be permitted to assume an attitude inconsistent with that taken on the trial. *Home Ins. Co.* v. *Western Transp. Co.*, 51 N. Y. 93, 96; *Stapenhorst* v. *Wolff*, 65 N. Y. 596; *Lockwood* v. *Quackenbush*, 83 N. Y. 607; *Wangler* v. *Swift*, 90 N. Y. 38, 44; *Wines* v. *Mayor, etc.*, 70 N. Y. 613; *Codd* v. *Rathbone*, 19 N. Y. 37, 39. If we assume that the architect's certificate was not waived, as found by the referee, and to the contrary of which he refused to find at plaintiff's request, then plaintiff had not entitled himself by performance of the condition precedent to payment of the $500 item. If, on the other hand, we assume that the certificate was waived, and that the referee erred in finding that it was not, and in refusing to find that it was, then the fact remains that the work was performed before April 4, 1884, more than 60 days before the notice of lien was filed, and the errors referred to are im‧

material, since the conclusion that the lien did not extend to this $500 would be inevitable; and errors which are immaterial and harmless afford no ground for reversal. *Tenney* v. *Berger*, 93 N. Y. 524; *Thorne* v. *Turck*, 94 N. Y. 90; *Story* v. *Association*, 95 N. Y. 474; *Ellwanger* v. *Fish*, 60 N. Y. 651; *Flannagan* v. *Maddin*, 81 N. Y. 623; *Downs* v. *Railroad Co.*, 56 N. Y. 664; and, as to equity cases, *In re New York Cent. & H. R. R. Co.*, 90 N. Y. 343. In either case, therefore, the judgment appealed from would have been proper.

In what has been said above we assume that the referee correctly found that the work of taking down and rebuilding the area walls was rendered upon an independent employment, and that it was not a part of the work required of plaintiff under the written agreement, and we now proceed to demonstrate that this assumption is proper. The original written agreement entered into by the parties to this action required plaintiff to construct defendant's buildings, and included the erection of the area walls. All this was done and completed before April 4, 1884. So plaintiff contended and testified, and so the referee found. Having done all he undertook to do, plaintiff was not required to do the work over again, in the absence of a provision to that effect in the agreement. After the area walls had been erected and completed by plaintiff, they were suffered to become defective through no fault of his. So plaintiff further contended, so the referee further found, and upon this theory plaintiff claimed to be entitled to, and was allowed to recover, $55 for doing the work of taking down and rebuilding the walls. The only other work which the written agreement required of plaintiff was such as should become necessary from "alterations in the plan of construction;" but plaintiff again contended and testified, and the referee again found, that the taking down and rebuilding of the area walls was rendered necessary by the facts that, through the carelessness or negligence of others than plaintiff or his servants, an excavation near the area was left exposed to the elements during the preceding winter, and that the excavation became filled with water, which overflowed the area walls and entered them, where it froze, and caused the walls to crack and split and become defective. These facts preclude a claim that the extra work in taking down and rebuilding the area walls was due to "alterations in the plan of construction," and it seems indisputable that it was wholly distinct and apart from the work required of plaintiff under the written agreement, and therefore rendered upon a new, distinct, and independent contract of employment. We refrain from particularly discussing the extra work performed, and claimed to have been performed, by plaintiff, other than that required in taking down and rebuilding the area walls; and we assume, for the purposes of this appeal, consistently with plaintiff's contention on the trial, and without which he could not have hoped to prevail, that it was all a part of, and connected with, the work required under the written agreement; for if such was not his contention, or if the contrary of such contention was the fact, then the further fact that such extra work also was completed more than 60 days before the claim of a lien was filed, justified the referee's conclusion and judgment.

Counsel for appellant, however, urges that the statute governing plaintiff's lien does not prescribe as the limit of the time within which the claim must be filed 60 days after performance of the work, but 60 days after the contract is completed; that the contract was not completed until the work performed was accepted by defendant; that as part of the work was done over again, and the architect's certificate to the completion of the buildings was never given, defendant cannot be said to have accepted the work performed before the area walls were taken down and rebuilt. It does not appear from the referee's report, nor was the referee requested to find, that any part of the entire work performed was ever formally accepted by defendant; and just here the fatality to the lien of the inconsistent positions taken by counsel in sup-

port of it, above the amount awarded, is conclusively apparent; for, if the architect's certificate was requisite to show that the contract was completed by both parties thereto, then it was never completed, for the certificate was never procured, and the claim was prematurely filed. On the other hand, if the certificate was waived by defendant, then he was bound to accept, and must be presumed to have accepted, the work, at the very moment when it was completed by plaintiff in the manner required of him under the written agreement, and, as that was more than 60 days before the claim of a lien was filed, the referee properly held the lien to be invalid respecting such work; and that neither plaintiff nor the referee was mistaken in his views that the work was completed more than 60 days before the claim was filed is conclusive from the conceded facts that no work whatever, excepting that of taking down and rebuilding the area walls, was done during and after the month of April, 1884.

But we do not agree to the construction of the statute claimed by counsel for appellant. Recurring to its provisions, (section 1809, c. 410, Laws 1882; section 5, c. 379, Laws 1875,) it will be seen that the claim must be filed by the "original contractor" within 60 days after the completion, not of the, but of his, contract. By the words "his contract," the legislature unquestionably referred to so much of the contract as the party claiming the lien undertook to perform, using the words "his contract" as an equivalent expression for his promise, his covenant, his agreement, the contract on his part. Were we to adopt a construction that the contract was required to be performed on the part of all parties thereto, no lien would ever have been obtainable under the provisions of the statute, and thus its benign aim to secure mechanics and material men would be frustrated altogether. If acceptance of the work by the party at whose request it was performed was an act essential to the completion of the contract, payment of the sum agreed to be paid for the work performed was no less so, and, as the element of nonpayment must of necessity have been present in every instance, the party from whom the payment is due, by refusing it, could have successfully prevented the arrival of the time within which the claim of a lien had to be filed to render it effective. *Watts-Campbell Co.* v. *Yuengling,* 125 N. Y. 1, 25 N. E. Rep. 1060, cited by appellant's counsel, has no application to the case before us, nor did the court there hold that the contract was not performed until the purchaser had accepted the machinery which the lienor had agreed to erect. What the court did decide was that the purchaser's approval was admissible in evidence to show performance of a contract to erect machinery in "satisfactory working order," and that under the much more comprehensive provisions of the present mechanic's lien law, (chapter 342, Laws 1885,) the lien is valid, if the notice was filed within 90 days after the last item of services or materials, necessary to put the machinery in "satisfactory working order," was rendered or supplied, as the case might be. Assuming, as we should consistently with plaintiff's contention on the hearing before the referee, and his request to the referee so to find, that the architect's certificate to the completion of plaintiff's work was waived, and viewing the taking down and rebuilding of the area walls as work performed under a contract of employment separate and apart from the written agreement for the construction of defendant's buildings, we must, upon the evidence, and the facts found by the referee in conformity with it, that all the other work for which the lien was claimed was performed under a contract which was completed on plaintiff's part more than 60 days before his claim of a lien was filed, conclude that the referee did not err in adjudging the claim to be effective only to the extent of $55, and so affirm the judgment appealed from.

Judgment affirmed, with costs.