(7 Misc. Rep. 17.)

### WAGENER v. BUTLER.

(Common Pleas of New York City and County, General Term.     February 5, 1894.)

CONTRACTS—PROOF OF TERMS.
    Where there is a dispute as to which of two writings embodies the contract sued on, both instruments should be submitted to the jury.   3 Misc. Rep. 154, 22 N. Y. Supp. 692, affirmed.

Appeal from city court, general term.

Action by Theodore Wagener against James H. Butler to recover on a contract for work, labor, and services rendered and materials furnished in the construction of a building, and for extra work. Defendant denied performance of the contract, and that any extra work was done with his consent, and also interposed a counterclaim for loss of rents occasioned by plaintiff's delay.   From an order of the city court (22 N. Y. Supp. 692) reversing the judgment entered on a verdict in favor of plaintiff and granting a new trial, plaintiff appeals.   Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Dennis McMahon, for appellant.

A. G. Vanderpoel, for respondent.

BISCHOFF, J.   Plaintiff in this action sought to recover a balance alleged to be due him for work, labor, and services rendered and materials furnished in the construction of defendant's building, pursuant to a written contract therefor between the parties, and for extra work upon the same building.   Defendant, among other things, denied that plaintiff had completed the work required of him, and that any extra work whatever, other than such as was paid for, had been at his instance and request.   The record shows that plaintiff's claim for extra work arose in part, as alleged, from the fact that the drawings and specifications submitted to him for the purpose of his estimate of the cost preliminary to the making of the contract called for the construction of a building 65 feet and 2 inches wide, while the building constructed by him under defendant's direction and that of his architect was 66 feet and 4 inches in width.   The action was tried, and resulted in a verdict for plaintiff for an aggregate amount upon both causes of action, from the judgment whereon defendant appealed to the general term of the court below, where it was reversed for rulings on the trial which were prejudicial to defendant, and are hereinafter noticed, and a new trial granted.   Instead of availing himself of the new trial, plaintiff appeals from the order to this court, having given the statutory stipulation for judgment absolute against him in the event of affirmance.

The contract for the construction of the building required plaintiff to do the work therein referred to "agreeably to the drawings and specifications made by Frederick Lohse, architect, and signed by the parties, and hereunto annexed." No drawings or specifications, however, signed by the parties or otherwise, were annexed to the contract, and thus it became necessary to inquire concerning the drawings and specifications intended, for which purpose resort had to be taken to extrinsic evidence. St. John v. Potter, (Com. Pl. N. Y.) 19 N. Y. Supp. 230; Browne, Parol Ev. 125. In this behalf plaintiff was allowed to give in evidence a paper purporting to be specifications relating to the building mentioned in the contract, which was unsigned, but which plaintiff maintained was the paper submitted to him, and from which he estimated the cost of construction at the sum named in the contract subsequently entered into between him and defendant, and which the latter thereby agreed to pay. Thereafter defendant's counsel offered in evidence another paper, also purporting to be specifications relating to the same building, also unsigned, which defendant had previously testified to as being the same paper which was submitted by him to plaintiff for the purposes of the estimate, and from which plaintiff's estimate was made before the contract was entered into. To the introduction of this last-mentioned paper plaintiff's counsel objected, and it was thereupon excluded, under exception for defendant. A comparison of the two papers demonstrates that the paper excluded, if found to be the specifications intended by the parties to be signed and annexed to the contract, would require plaintiff to comply with the provisions therein for "timber, roof floor, tinning, window frames and sashes, sashes, doors, and painting," all of which are omitted from the paper admitted in evidence. The exclusion of the paper offered for defendant in effect prevented him from showing what the contract was, and that it was not performed by plaintiff, as claimed by the answer. That it was material error, therefore, to exclude the paper, seems to be a proposition so clearly correct as not to admit of dispute. The order appealed from should be affirmed, and judgment absolute for defendant entered upon plaintiff's stipulation, with costs of this appeal and of the court below. All concur.