(18 Misc. Rep. 33.)

### POHALSKI v. ERTHEILER et al.

(Supreme Court, Appellate Term, First Department. September 28, 1896.)

1. CONSPIRACY—EVIDENCE.
   Where an action to recover chattels is defended on the ground that plaintiff purchased them, with notice, at a sale made with intent to defraud the seller's creditors, evidence as to the conduct of third persons, alleged to have been parties to the fraud, is admissible, though plaintiff was not connected with them.

2. EVIDENCE—BEST AND SECONDARY.
   The acquittal of a person charged with a crime can be proved only by the record, and not by parol testimony.

3. SALE—BONA FIDE PURCHASER—SUSPICION OF FRAUDULENT INTENT.
   A purchaser of goods from a seller who disposes of them with intent to defraud creditors is not chargeable with notice of such intent merely because he suspected the seller's bad faith.

Appeal from city court of New York, general term.

Action by Flora Pohalski against James Ertheiler and others, as indemnitors of the sheriff, and substituted as defendants in his stead, to recover certain merchandise consisting of a quantity of cigars which were alleged to be the property of plaintiff, and to have been wrongfully taken from her possession. The defense was that plaintiff acquired possession under a sale made with intent on the part of the seller to defraud his creditors, of which plaintiff had notice, and that such merchandise was taken by the sheriff under attachment against the seller. A judgment in favor of defendants was affirmed by the city court, and plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Otto Horwitz, for appellant.

David Leventritt and Otto Irving Wise, for respondents.

BISCHOFF, J. Upon evidence, the sufficiency of which to warrant a finding that the sale of the cigars to the plaintiff was made by the debtor with intent to defraud his creditors, and that the plaintiff had notice of such intent, is not contested upon this appeal, the issues were submitted to the jury, and by the latter resolved for the defendant. Hence, though the plaintiff may have been a purchaser for value, the sale was void as to such creditors. 2 Rev. St. (Banks & Bros.' 9th Ed.) p. 1887, §§ 1, 4, 5. The judgment is, however, assailed for certain alleged errors in (1) the admission of evidence at the trial, (2) the refusal of the court to charge as requested, and (3) the charge as made. The defendants' efforts at the trial were aimed to show a conspiracy between the debtor and others, including the plaintiff, to defraud the former's creditors by the transfer and secretion of his property, and to that end

the defendants offered testimony with regard to the conduct of the several persons charged as conspirators, which, in the instances appearing from the exceptions, was admitted. It is urged for the appellant that the rulings were erroneous, because the plaintiff was not "connected" with the facts involved in the testimony. But, clearly, the testimony was properly admitted. The debtor's intent was a constituent of the defense, and his transactions with others than the plaintiff, about the time of the sale to the latter, were competent, relevant, and material evidence as bearing upon such intent. Manufacturing Co. v. Turner, 84 Ala. 523, 4 South. 658; Howe v. Reed, 12 Me. 515; Blake v. White, 13 N. H. 267. Furthermore, the exceptions do not present error. The defense involved a charge of a conspiracy. What the persons charged as conspirators severally did in and about the property and affairs of the debtor was, therefore, competent evidence. Dewey v. Moyer, 72 N. Y. 70. In most cases an abstract consideration of the several evidential facts would not suffice to show their relevancy or materiality to the alleged ultimate fact. A concrete consideration of the evidential facts may demonstrate the existence of such ultimate fact. Segregated, the evidential facts rarely, if ever, appear to be relevant or material. Aggregated, their relevancy or materiality may be irrefragable. Logically, therefore, no error is to be predicated of the admission of competent evidence, the irrelevancy or immateriality of which is not apparent at the time. If the rule were otherwise, it would be difficult to conceive a case where error could be avoided, except at the risk of a denial of redress. It was incumbent upon the plaintiff's counsel, therefore, when the prejudicial character of the testimony objected to was apparent from the defendants' subsequent failure to connect the plaintiff with the facts in evidence therefrom, to ask the trial court to strike such testimony out, and to instruct the jury to disregard it. An exception to an adverse ruling upon such a request, and not otherwise, would have enabled us to consider the effect of the admission of such testimony. Vinegar Co. v. Schleger, 143 N. Y. 537, 544, 38 N. E. 729.

On cross-examination of the plaintiff's witness Weinberg, the latter was permitted, under objection by the plaintiff's counsel, to answer the questions: "Were you sworn as a witness in the Tombs police court in March, 1895, on a charge of larceny brought against Mr. Miller by Rosenstein [the debtor]?" and, "And later, in the special sessions, on May 1st?" Miller was a witness in this action for the defendants, and Weinberg's answers to the questions alluded to were sought to elicit new matter. It is urged that the testimony was incompetent, irrelevant, and immaterial. Here again the irrelevancy and immateriality of the testimony were not apparent at the time of its admission, and the absence of an exception to the denial of a motion to strike the testimony out, and to instruct the jury to disregard it, precludes us from considering its effect. The testimony was competent in so far as it tended to show that the witness had been examined on the occasions alluded to in the questions, and enabled the defendants to lay a foundation

for the introduction of impeaching evidence.  The fact that the
charge of larceny was preferred by Rosenstein may not have been
admissible, but the plaintiff's counsel did not limit his objections to
evidence of that fact.   His objections comprehended evidence which
was admissible, and they were for that reason properly overruled.
Bosley v. Machine Co., 123 N. Y. 550, 557, 25 N. E. 990; McCabe
v. Brayton, 38 N. Y. 196;  People v. Beach, 87 N. Y. 508, 512.   The
next question, "Do you know Miller was acquitted?" was objected
to as leading, and as calling for incompetent evidence.    With re-
gard to the first objection, the allowance of the question rested in
the discretion of the trial court, with the exercise of which, in the
absence of abuse, or where no apparent prejudice has resulted, the
appellate court will not interfere.    Walker v. Dunspaugh, 20 N.
Y. 170;  1 Rice, Ev. 606.    The evidence, however, was incompe-
tent as hearsay, the fact of the acquittal being provable by the rec-
ord only.    Newcomb v. Griswold, 24 N. Y. 298.    It was admitted
in furtherance of the defendants' object to show that, after Miller
had refused to verify a statement tending to exonerate the debtor
from the imputation of a fraudulent design towards his creditors,
he (the debtor) made a groundless charge against his former em-
ployé.    The fact of the acquittal, therefore, was material, and the
error alluded to cannot be said to have been harmless.

The trial court refused to charge "that the plaintiff is entitled to
a verdict, the defendants not having established by any proof any
justification for the seizure of the goods," the accuracy of the re-
quest of the plaintiff's counsel being predicated exclusively of the
fact that the attachment proceedings alluded to in the answer, and
the indemnity bond, were not given in evidence.    The refusal to
charge was obviously right.    There was no evidence to indicate
that the defendants had in any manner participated in the seizure
of the property, or authorized or directed such seizure by the sher-
iff; and, failing evidence tending to fix liability upon the defend-
ants either as tort feasors or indemnitors, the plaintiff was not
entitled to recovery against them.    Again, in the absence of evi-
dence charging the defendants with liability as tort feasors, the
prosecution of the action, and the litigation of the question of
fraud in the sale hereinbefore alluded to, were consistent only with
an admission by all the litigants that the sheriff had seized the
property in suit under process directed to him, and for the execu-
tion of which, against the property seized, the defendants had as-
sumed to be amenable as indemnitors.    Code Civ. Proc. §§ 658,
1419, 1421.    Only upon the theory of such an admission, in the
absence of evidence charging the defendants with liability as tort
feasors, was the issue of fraud material, or evidence with regard
to it relevant; and only upon the same theory could the plaintiff
have asserted a right to recover against persons other than the
sheriff, who alone was charged by the evidence with liability as a
tort feasor.    No position can be assumed on appeal which is in
conflict with the one assumed for the purposes of the trial.    Fay
v. Muhlker, 1 Misc. Rep. 321, 20 N. Y. Supp. 671; Carter, Rice &
Co. v. Howard  (Sup.) 39 N. Y. Supp. 1060 (not officially reported);

Bigelow, Estop. 578; 7 Am. & Eng. Enc. Law, 22, note on "Incon-.sistent positions in legal proceedings generally"; 2 Enc. Pl. & Prac. .516, 519.  Nor will an appellant be permitted to avail himself of a point not raised or intended to be raised by him at the trial.  5 .Silvernail, 142, and cases collated in note.

The court charged that "if, by the circumstances which were known to the plaintiff, she was put upon her inquiry regarding the purchase and intention of Rosenstein [the debtor and seller] respecting his creditors, and, being put upon inquiry, she nevertheless made this purchase, that she took the risk of the purchase, and could not recover."  The plaintiff's exception thereto presents error.

The charge was vicious, in that it involved the erroneous proposition that the purchaser's mere suspicion of the seller's bad faith respecting his creditors is equivalent to notice to the purchaser of the seller's intended fraud, and eliminated from consideration the purchaser's inability, upon reasonable inquiry, to ascertain the fact of such intended fraud.  Actual notice alone, or that which in legal intendment is the equivalent of actual notice,—the omission of reasonable inquiry whereby the fact would have been ascertained, after suspicion was aroused, or the person to be charged with notice was "put upon his inquiry" (16 Am. & Eng. Enc. Law, 792, and cases collated in note 2), on the part of a purchaser for value, of the seller's intended fraud towards his creditors,—will avoid the sale as to the latter.  Parker v. Conner, 93 N. Y. 123.

For the errors in the admission of evidence, and in the charge, the judgments of the general and trial terms of the court below should be reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.