(34 Misc. Rep. 398.)

## MULLEN v. COHEN et al.

(City Court of New York, General Term. March 26, 1901.)

WRITTEN CONTRACT—SPECIFICATIONS—EXTRINSIC EVIDENCE.

Where plaintiff sued for labor and materials furnished in addition to the requirements of a written contract, which he introduced in evidence, and which referred to "drawings and specifications hereunto annexed," but nothing was annexed, a paper offered by the defendant, purporting to contain the specifications referred to in the contract, was improperly excluded.

Appeal from trial term.

Action by John J. Mullen against Harris Cohen and others. From a judgment in favor of the plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before McCARTHY, P. J., and SCHUCHMAN and DELE-HANTY, JJ.

Benno Loewy, for appellants.

Gerry Frauenthal (Louis J. Vorhaus, of counsel), for respondent.

DELEHANTY, J. In this action the plaintiff sought to recover a balance which he claimed was due him under a written contract for work, labor, and services performed and materials furnished to the defendants herein. The evidence is undisputed that in the month of February, 1899, the defendants, Harris and Abraham Cohen, composing the firm of H. Cohen & Bro., and the plaintiff herein, entered into a written agreement whereby the latter bound himself to do certain plumbing work on a building of the former, agreeably to the drawings and specifications therefor, duly prepared by the latter's architect. The major part of the amount in controversy is due, according to the theory of the plaintiff, for "extra" work, or work and materials not included in the contract in question. The only defendant served, Harris Cohen, contended on the trial that the plaintiff's claim was embraced within the contract and specifications, and that, therefore, he was in no way indebted to him on account thereof. The disputed questions were submitted to the jury, and from their verdict, finding for plaintiff in the full amount, this appeal is taken, and various grounds are urged for the reversal of the judgment entered thereon. The principal one assigned as error is the exception to the exclusion of the specifications offered by the defendants. The plaintiff had previously put in evidence the contract, which specifically referred to "drawings and specifications　*　*　*　signed by the said parties, and hereunto annexed"; but nothing was annexed, nor was any attempt made by plaintiff to introduce any kind of a specification. The contract itself did not specify the work to be performed, and the issue to be decided was whether certain hot-water work done by plaintiff on the building in question was within the contract mentioned, or extra work ordered by defendants. It became necessary, therefore, to inquire concerning the drawings and specifications intended, for which purpose resort had to be taken to extrinsic evidence. St. John v. Potter (Com. Pl.) 19 N. Y. Supp. 230. The defendants' offer in evidence of a paper purporting to be the specifications relating to the building in question, and mentioned in the contract which Abraham Cohen, one of the firm, and Benjamin Cohen, a clerk thereof, testified was shown plaintiff, and from which his estimate was made upon which the contract was based, was proper, and its rejection by the trial court under the defendants' objection and exception a reversible error. If admitted, it would have shown that the work in question was included in the contract, and, if the jury believed it to be the paper intended to be "signed and annexed" to the contract, its verdict undoubtedly would have been different from the one recorded. This case is not unlike Wagener v. Butler, 7 Misc. Rep. 17, 27 N. Y. Supp. 350, where, in a similar action to this, it was held that the exclusion of the specifications on defendant's offer in effect prevented him from showing what the contract was. For the error committed

in excluding the written instrument offered by the defendant, a new trial must be granted, and, having reached that conclusion, it is unnecessary to discuss the other exceptions in the record.

Judgment reversed, and new trial granted, with costs to appellants to abide the event.  All concur.