## COROTINSKY v. MAIMIN.

### (Supreme Court, Appellate Term. March, 1902.)

**1. CONTRACTS—BREACH—ACTION—DAMAGES—MEASURE.**

Plaintiff and defendant agreed to purchase together certain property, and to divide any profits on a sale thereof, or to divide the property. Plaintiff paid $100 to defendant as earnest money, and, after defendant had purchased the property, tendered him half the cost; but defendant refused to divide the property, or to admit plaintiff's right to any future profits. *Held*, that the measure of damages was properly based on the profit that would have accrued on a sale at a reasonable price.

**2. SAME—EVIDENCE—CONCLUSIVENESS—INTERESTED WITNESS.**

Plaintiff and defendant agreed to purchase together certain property, and to share any profits on a sale thereof, or to divide the property; but defendant, after buying the property, refused to admit plaintiff to any participation in the venture. The only evidence of a sale of the property at a loss was that of defendant. *Held*, that such testimony, being that of an interested party, was not conclusive, though uncontradicted by plaintiff.

**3. SAME.**

In an action for breach of contract, the use of the word "partnership" by plaintiff, in describing the venture in his testimony,—he being of foreign extraction,—did not prove a partnership, as matter of law, so as to render the case solely of equitable cognizance.

**4. APPEAL—GROUNDS—PRESENTATION BELOW—NECESSITY.**

In an action at law, in which the question whether there was a partnership contested, the court, in stating the case to the jury, said there was no partnership. Defendant excepted, but coupled with it a request to instruct that there was a partnership. There was evidence on the point to go to the jury. *Held* that, as the evident purpose of defendant's exception was not the withdrawal of the question from the jury, the instruction given was not ground for reversal.

Appeal from city court of New York, general term.

Action by Ephraim Corotinsky against Harry Maimin, the name Harry being fictitious. From a judgment of the general term of the city court of the city of New York (74 N. Y. Supp. 1123) affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Frederick J. Moses, for appellant.

John Bogart, for respondent.

GIEGERICH, J. The action is for the breach of a contract whereby the parties were to purchase in common certain machinery offered at a receiver's sale, and to divide any profit arising from their sale of the chattels, or else to divide the chattels in specie. In support of his case the plaintiff testified to the agreement, his

payment of $100 to the defendant as an earnest of good faith, the purchase by defendant of the chattels for $1,200, a tender of half the purchase price by plaintiff, and defendant's refusal to divide the chattels, or to recognize plaintiff's right to any possible distribution of profits. It was also proven that the reasonable value of the property was $2,000. No question of the weight of the evidence being open upon this appeal, the facts are to be taken as settled against the defendant's claim that the contract never existed; and it being within the province of the jury to find that the contract, as proven, was repudiated by the defendant, the measure of damage was properly to be based upon the profit which should have resulted to the plaintiff, taking the property at its reasonable value. The fact that there had been a sale, and at a loss, was supported only by the interested testimony of the defendant, which, although uncontradicted, was to be accepted as proof only if acceptable to the jury (Elwood v. Telegraph Co., 45 N. Y. 549, 554, 6 Am. Rep. 140; Joy v. Diefendorf, 130 N. Y. 6, 9, 28 N. E. 602, 27 Am. St. Rep. 484); and therefore the plaintiff's failure or inability to negative this evidence of an unprofitable sale does not affect the case as it is presented to this court.

We do not think that the action was to be viewed as depending upon a partnership relation, and thus of equitable cognizance, merely because the plaintiff called the adventure a "partnership." Certainly the transaction itself, as described by the plaintiff, did not necessarily have the incidents of a partnership; and at best it was a question of fact whether the plaintiff, when so describing it, did not use the word "partnership" to designate a mere common purchase, as distinguished from an individual purchase by the defendant for his own benefit. We gather from the record that the plaintiff is of foregn extraction, and, taken with the circumstances of the case, his choice of language did not result in proving an actual partnership as strict matter of law. The appellant's exceptions on this point disclose his position at the trial to have been that the plaintiff had proven a partnership or nothing, and no request was made to go to the jury upon the question whether this was the fact, in view of the inferences to be drawn from the testimony. This question was one which involved a construction of the evidence for the purpose of determining the meaning which the witness intended, and this was a matter of fact, not of law. When stating the case to the jury, the court said there was no partnership; and while this might have been erroneous, had defendant taken the position that there was a question of fact, he did not take that position, but coupled his exception to this statement with the single request that the jury be instructed that there was a partnership. Evidently the question was deemed to be one which excluded an independent finding by the jury, so far as the appellant was concerned, and we should not reverse the judgment upon a ground which was not presented to the trial court, nor deemed material to the interests of the defendant appellant, in accordance with the theory upon which the trial was conducted in his behalf. Fay v. Muhlker, 1 Misc. Rep. 321, 323, 20 N. Y. Supp. 671; Pohalski v. Ertheiler, 18 Misc. Rep.

33, 37, 41 N. Y. Supp. 10; Kafka v. Levensohn, 18 Misc. Rep. 202, 205, 41 N. Y. Supp. 368. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.