BACKER v. PASSMAN.

(Supreme Court, Appellate Term. January 5, 1912.)

CONTRACTS (§ 346*)—ACTIONS FOR BREACH—ISSUES AND PROOF.

    Plaintiff sued for breach of a contract by which defendant agreed to furnish the trim for a residence according to plans and specifications prepared by a firm of architects, which were part of the contract, alleging a failure to provide the material required. Notwithstanding the specifications were not attached to the complaint, as was the contract, the answer admitted making the contract in the terms of that alleged, and put in issue the allegations of the complaint with reference to nonperformance. *Held*, that plaintiff's failure to attach the specifications to the complaint did not authorize defendant, after having admitted in his answer the contract pleaded in the complaint, to prove that the specifications with reference to which the contract was made were other than those specified in the contract.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1718–1753; Dec. Dig. § 346.*]

Appeal from City Court of New York, Trial Term.

Action by George Backer against Nathan Passman. From a City Court judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial, he appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Arnstein, Levy & Pfeiffer (Samuel Levy and Alexander Pfeiffer, of counsel), for appellant.

Godnick & Wilson (William Godnick, Ludwig M. Wilson, and Herman I. Lurie, of counsel), for respondent.

SEABURY, J. This action was brought to recover damages for the alleged breach of a contract. The complaint alleges that the plaintiff and the defendant entered into a contract under the terms of which the defendant was required to furnish all trim for the resi-

dence known as 51 Hamilton Terrace, Manhattan, New York City, which was at the time of the making of the contract being constructed by the plaintiff. The contract further provided that the trim was to be furnished and provided as shown on the drawings and details and described in the specifications prepared by Schwartz & Gross, of 347 Fifth avenue, New York City, architects, which drawings and specifications became a part of the contract. The complaint further alleged that the defendant failed to carry out the contract, in that he failed to provide trim of the kind, quality, and workmanship provided for therein, by reason of which the plaintiff sustained damage in the sum of $1,500. The answer admitted the making of the contract, the terms of which were alleged in the complaint, and a copy of which was annexed thereto, and put in issue the allegations of the complaint which alleged nonperformance on the part of the defendant.

Upon the trial the plaintiff offered in evidence the contract and the specifications referred to therein, a copy of which contract was annexed to the complaint. The contract and specifications were received in evidence without any objection having been made to their introduction by the defendant. Upon cross-examination of the plaintiff the defendant offered in evidence a paper which on its face purported to be a contract between the same parties, but not identical with the contract which was annexed to the complaint and admitted in the answer. Subsequently the defendant was permitted to offer proof that the specifications referred to in the contract annexed to the complaint which had been received in evidence were not in fact the specifications which formed part of the contract between the parties. All of this evidence was received by the court against the objection and exception of the plaintiff. Having thus disregarded the issues raised by the pleading, the learned court below charged the jury that:

"The first question which you are called upon to determine is, What was the contract that was made between the parties?"

The reception in evidence of the contract and specifications offered by the defendant was improper. The court could not ignore the admission contained in the pleadings, and, without any amendment of the answer, permit the defendant to controvert the contract alleged in the complaint, the making of which in his answer he had admitted. The respondent attempts to justify the reception in evidence of the specifications which he offered on the ground that the specifications were not annexed to the complaint. The contract, however, was annexed to the complaint, and the fact that the specifications were not annexed did not justify the reception in evidence of a different contract from that which was annexed to the complaint. While it is true that the specifications were not annexed, they were fully and clearly described and identified in the contract, which was annexed. The contract referred to the specifications as having been prepared by the architects, Schwartz & Gross. In so doing it plainly identified the specifications in reference to which the parties contracted. The alleged specifications which the court below admitted in

evidence were in the handwriting· of the defendant, and were not prepared by the architects, Schwartz & Gross.

There is no analogy between this case and Wagener v. Butler, 7 Misc. Rep. 17, 27 N. Y. Supp. 350, upon which the respondent relies. In that case there was a dispute as to which of two different sets of specifications the contract referred to. In such a case it was, of course, proper to determine as a question of fact which set of specifications were referred to in the contract. In the present case the specifications referred to in the contract which was admitted were those prepared by the architects mentioned in the contract. That the specifications offered in evidence by the plaintiff were prepared by these architects, and that they were the specifications referred to in the contract, was conclusively established. The admission in the answer of the contract annexed to the complaint carried with it the concession that the work was to be performed according to the specifications mentioned in the contract.

Every system seeking the orderly administration of justice requires pleadings, and pleadings serve no useful purpose if they may be disregarded. The defendant having admitted the contract and specifications, the plaintiff was by the plainest rules of good pleading and good faith entitled to rely upon this admission. The defendant should not have been permitted to deceive the plaintiff as to the effect of his own pleading, and to controvert upon the trial that which before trial he had solemnly admitted. Nor should the court have left to the jury any issue in reference to the existence of the contract. That question was settled by the pleadings, and they could not be disregarded by court, counsel, or jury.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.