ROSENBERG et al. v. KAZEMIER et al.

(Supreme Court, Appellate Term, First Department. · January 9, 1913.)

EVIDENCE (§ 441*)—PAROL EVIDENCE—WRITTEN CONTRACT.

Where plaintiffs sued on a written contract for the construction of a building, referring to plans and specifications of a specified architect which were sufficiently identified, by the terms of which contract plaintiffs contracted to erect the building according to such plans and specifications, parol evidence was inadmissible to show that before the contract was signed it was agreed that the plans be modified in certain specified particulars before plaintiffs agreed to construct the building for the price specified, and that the written contract was executed at plaintiffs' solicitation, that they might show the same to a proposed mortgagee of the property; such evidence being contradictory of the written contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1718, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Morris Rosenberg and another against Julius Kazemier and another. From a Municipal Court judgment in favor of plaintiffs for $264, and from that part of the judgment dismissing defendants' counterclaim, after a trial before the court without a jury, defendants appeal. Reversed, and new trial ordered.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Arnstein, Levy & Pfeiffer, of New York City (Alexander Pfeiffer, of New York City, of counsel), for appellants.

Rosenthal & Steckler, of New York City (David Steckler, of New York City, of counsel), for respondents. ·

GERARD, J. Plaintiffs, building contractors, sued to recover a balance of $200 claimed to be due upon a contract made by them with defendants for the construction by plaintiffs for defendants of a loft building. The pleadings were written and verified.

· In the complaint the plaintiffs counted upon a written contract, which they alleged they entered into with the defendants, whereby plaintiffs agreed to erect and finish for defendants a building at No. 12 Monroe street, with certain exceptions, such as plumbing, painting, etc., for the sum of $12,700; that the defendants had paid on account the sum of $12,500, and had not paid the balance; and plaintiffs alleged that they had duly performed each and every of the terms, covenants, and conditions of the contract, except as to such terms, covenants, and conditions as were expressly waived by the defendants. The defendants in their answer alleged that the plaintiffs agreed to erect the building provided for in the contract according to the drawings and specifications made by Max Muller, architect, and alleged that the plaintiffs had failed to comply with the specifications in many particulars mentioned. The defendants also set up the failure of plaintiffs to comply with the specifications, as a counterclaim.

Upon the pleadings as stated above, the parties proceeded to trial.

Plaintiffs offered in evidence the contract upon which they sued. It is a printed form of building contract, and that part of the contract which is in writing was filled in by plaintiffs' bookkeeper. In the part in writing it was provided that the building "should be erected agreeably to the drawings and specifications made by Mr. Max Muller, architect, and signed by said parties and hereunto annexed." The contract again, in another place, refers to the specifications, and in another clause to the architect. It appears that no plans and specifications were signed by the parties or annexed to the written contract; but prior to the execution of the contract, according to the uncontradicted testimony, the plans and specifications prepared by Max Muller, the architect, had been given to plaintiffs.

Over the objection and exception of defendants, plaintiffs were allowed to prove that prior to the execution of the contract they had been furnished with a copy of the plans and specifications of Max Muller, that they made an estimate of $15,900, that defendants complained that this estimate was too high, and that thereupon the parties went over the specifications and agreed that metal ceilings should be dispensed with, that a plain front might be substituted for a trimmed front, terra cotta copings for bluestone copings, and certain other alterations made, and that plaintiffs then said that they could build the building for $12,700; and, without any written contract, plaintiffs commenced the building construction on September 7, 1907, and that when the second tier of beams was reached the plaintiffs called on defendants for a payment, whereupon the defendants asked for a written contract, showing that the building was to be erected according to the plans and specifications above referred to. Plaintiffs claim that defendants said that they wanted to show the contract to a proposed mortgagee, and that thereupon the plaintiffs prepared the contract and signed it.

The plaintiffs having counted on the written contract, the admission of this parol testimony to vary its terms was error. The specifications are referred to in the contract, and there is no question whatever about their identification. If the contract as signed did not clearly express the agreement of the parties, that may be a reason why it should be reformed; but until it is reformed it is the duty of the court to enforce it according to its terms. Zimmerman v. Loft, 125 App. Div. 725, 110 N. Y. Supp. 499. It is, however, to be noted that all conversations testified to by the plaintiffs with reference to a change in the specifications occurred prior to the execution of the contract. It may be that the plaintiffs might be able to recover, disregarding the written contract entirely; but as long as they have counted upon it in their complaint, and as long as the specifications referred to in it have been clearly identified, they should not be heard to vary its terms, especially by conversations alleged by plaintiffs themselves to have taken place long before the contract itself was signed. See, also, Backer v. Passman (Sup.) 132 N. Y. Supp. 787, where Mr. Justice Seabury said:

"While it is true that the specifications were not annexed, they were fully and clearly described and identified in the contract which was annexed. The

contract referred to the specifications as having been prepared by the architects, Schwartz & Gross. In so doing it plainly identified the specifications in reference to which the parties contracted."

In the case of Wegener v. Butler, 7 Misc. Rep. 17, 27 N. Y. Supp. 350, Mr. Justice Bischoff said:

"No drawings or specifications, however, signed by the parties, or otherwise, were annexed to the contract, and thus it became necessary to inquire concerning the drawings and specifications intended, for which purpose resort had to be taken to extrinsic evidence."

The judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.

