HENRY JOY, Respondent, *v.* JOHN F. DIEFENDORF, Appellant.

Where, in an action upon a promissory note brought by a transferee, the maker establishes that the note was obtained from him through fraud, the burden rests upon plaintiff to establish that he is a *bona fide* purchaser.

Where plaintiff seeks to establish this by his own testimony, although it is undisputed, the credibility of his testimony is for the jury to determine, and so, a direction of a verdict in his favor is error.

The rule which renders void as usurious a note in the hands of a third party who purchased it at a discount greater than the legal rate of interest, applies only to notes that had no inception between the parties thereto and which were not intended to be available until discounted.

Where, therefore, a note was executed and delivered to the payee with intent to represent an existing obligation, it is valid in the hands of a *bona fide* purchaser at a discount greater than the legal rate of interest, although it was obtained by fraud from the maker.

(Argued October 7, 1891; decided October 20, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made September 10, 1889, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Z. S. Westbrook* for appellant. The note in question if given for a patent-right would be absolutely void under chapter 65,

Laws of New York for 1877, in not having the words "given for a patent-right" written or printed upon the face thereof, above the signature as thereby required, in the hands of any purchaser who is not a *bona fide* holder. (Laws of 1877, chap. 65; *Spring* v. *Quance*, 3 How. Pr. [N. S.] 65; *Palmer* v. *Minor*, 8 Hun, 342; *Herdic* v. *Roessler*, 109 N. Y. 127.) The court at the trial erred in holding that as a matter of law the plaintiff was a *bona fide* holder of the note, and entitled, therefore, to recover upon the same. (1 Rand. on Neg. Paper, 12, § 14; 1 Pars. on Cont. 254; *Stalker* v. *McDonald*, 6 Hill, 93.) The question whether plaintiff was a *bona fide* holder should have been submitted to the jury. (*Vosburgh* v. *Diefendorf*, 119 N. Y. 357; *C. N. Bank* v. *Diefendorf*, 123 id. 191; *F. N. Bank* v. *Green*, 43 id. 298; *F. & C. N. Bank* v. *Noxon*, 45 id. 762; *Grocers' Bank* v. *Penfield*, 69 id. 502; *Comstock* v. *Hier*, 73 id. 273, 274; *D. S. M. Co.* v. *Best*, 105 id. 59; *Seymour* v. *McKinstry*, 106 id. 240; *Tinsdale* v. *Murray*, 9 Daly, 446; *Benton* v. *Martin*, 52 N. Y. 570; *Bookstaver* v. *Jayne*, 60 id. 146; Daniels on Neg. Inst. §§ 746, 777, 795, 796, 799, 801; *Baker* v. *Bliss*, 39 N. Y. 70; *Nutter* v. *Stover*, 48 Me. 163; *Hamilton* v. *Marks*, 52 Mo. 78; *Gould* v. *Stevens*, 43 Vt. 125; 1 Edwards on Bills and Notes, § 517; 1 Pars. on Bills, 260; Story on Prom. Notes, § 197; 2 Rand. on Comm. Paper, 693.) The amount of the shave on purchase of a note and the inadequacy or unreasonableness of price paid therefor is evidence of bad faith, to be submitted to the jury. (2 Rand. on Comm. Paper, §§ 991, 992; *Lay* v. *Wissman*, 36 Iowa, 305; *De Witt* v. *Perkins*, 22 Wis. 474; *Bailey* v. *Smith*, 14 Ohio St. 396; *Herth* v. *M. N. Bank*, 34 Ind. 380; *Gould* v. *Stevens*, 43 Vt. 125; *C. N. Bank* v. *Diefendorf*, 123 N. Y. 191; *Ormsbee* v. *How*, 54 Vt. 182.) Plaintiff's good faith rested entirely upon his own interested testimony. His credibility was clearly a question for the jury. (*Vosburgh* v. *Diefendorf*, 119 N. Y. 357; *C. N. Bank* v. *Diefendorf*, 123 id. 191, 200; *Elwood* v. *W. U. T. Co.*, 45 id. 549, 554; *Kavanagh* v. *Wilson*, 70 id. 177, 179; *Sheridan* v. *Mayor, etc.*, 8 Hun, 424; *McNulty* v. *Hurd*, 86 N. Y. 547,

553, 554; *Gildersleeve* v. *Landon*, 73 id. 609, 610; *Dean* v. *Van Nostrand*, 23 Wkly. Dig. 97; *Longyear* v. *U. S. L. Ins. Co.*, 20 id. 165; *Honegger* v. *Wettstein*, 94 N. Y. 252, 261; *Karney* v. *Mayor, etc.*, 92 id. 617; *Cross* v. *Cross*, 108 id. 628; *Becker* v. *Roch*, 104 id. 394, 404; *People ex rel. Steed* v. *French*, 17 N. Y. S. R. 100; *Moody* v. *Prell*, 2 Abb. [N. C.] 274; *Stillwell* v. *Carpenter*, Id. 238, note; *Posthoff* v. *Schreiber*, 47 Hun, 593, 598; *Hodge* v. *City of Buffalo*, 1 Abb. [N. C.] 356; *Nicholson* v. *Connor*, 8 Daly, 212.) The note in question is void for usury, it never having had a valid inception before the transfer thereof to plaintiff at an unlawful rate of interest. (*Hall* v. *Wilson*, 16 Barb. 548, 550; *Wardell* v. *Howell*, 9 Wend. 170; *Catlin* v. *Gunter*, 11 N. Y. 368; *Eastman* v. *Shaw*, 65 id. 522; *Sweet* v. *Chapman*, 7 Hun, 576; *C. N. Bank* v. *Diefendorf*, 123 N. Y. 191, 198.) Giving *prima facie* evidence of a fact does not shift the burden of proof. (*Heinman* v. *Heard*, 62 N. Y. 448.) The failure of plaintiff to produce the witnesses Henderson and Van Valkenburgh, as witnesses in his behalf, were strong circumstances against him. (*Brooks* v. *Stern*, 6 Hun, 516; 15 J. & S. 436; *Bleecker* v. *Johnston*, 69 N. Y. 309.)

*Henry Bacon* for respondent. The fact that this note, which was given in part for the purchase-price of a patent right, did not have written upon its face the statement that it was given for a patent right as required by the Laws of 1887, did not render the note invalid in the hands of the plaintiff as a *bona fide* holder for value. (*Herdic* v. *Roessler*, 109 N. Y. 127.) Plaintiff is entitled to recover because he showed that he was a purchaser in good faith for value and before maturity, even if the note was fraudulently diverted by Henderson. (*Moore* v. *Ryder*, 65 N. Y. 438; *Saybell* v. *N. C. Bank*, 54 id. 288; *Dalrymple* v *Hillenbrand*, 62 id. 5; *Cowing* v. *Altman*, 71 id. 435; *Chapman* v. *Rose*, 56 id. 137.) The court properly directed the verdict for the plaintiff under the well-settled rule that unless the evidence makes out a case upon which a jury would be authorized to find fraud or bad faith upon the

part of the purchaser of commercial paper, it is the duty of the court to direct the verdict in his favor. ( *Welch* v. *Sage,* 47 N. Y. 143, 153; *Kelly* v. *Burroughs,* 33 Hun, 349; 102 N. Y. 93; *Cowing* v. *Altman,* 71 id. 435.)

BROWN, J. This action was brought to recover the amount claimed to be due upon a promissory note made by the defendant whereby he promised to pay to H. D. Henderson or bearer one thousand dollars with interest six months after date at the Spraker National Bank at Canajoharie, and by said Henderson transferred for value to the plaintiff within a few days after its execution.

The principal defense relied upon to defeat a recovery was that the plaintiff was not a *bona fide* holder of the note.

The trial court directed a verdict for the plaintiff, thus disposing of this question as one of law, and refused a request by the defendant to submit it to the jury.

The evidence given upon the part of the defendant was sufficient to warrant the conclusion that the note had been obtained from him through a fraud practiced upon him by Henderson and Van Valkenburgh and the burden was thus cast upon the plaintiff to show that he was a *bona fide* purchaser. ( *Vosburgh* v. *Diefendorf,* 119 N. Y. 357, and cases cited.)

This burden the plaintiff met by his own evidence as to the circumstances attending the purchase and his knowledge of the party from whom he obtained it, and the credibility of his testimony was for the jury to determine.

That question was decided in *Canajoharie Natl. Bank* v. *Diefendorf* (123 N. Y. 191). That case was upon a note obtained by the same parties from this defendant and grew out of the same transaction as the note in suit and was transferred to the bank by Henderson.

The question of the good faith of the bank's purchase depended entirely upon the evidence of its cashier, and it was held that his relation to the bank and his interest in the transaction brought him within the rule that the credibility of a

party or an interested witness is a question for the jury to determine. No distinction in this respect is apparent between that case and the one under consideration. The court, therefore, erred in refusing to submit the case to the jury and the judgment must be reversed.

It was also claimed that the note was void for usury in that before it had any legal inception, it was transferred to the plaintiff at a discount much greater than the legal interest.

The question of usury was not raised at the trial in the Canajoharie bank case, and there was no ruling which presented it for consideration in this court, and we cannot, therefore, assume that the court decided it, although it was incidently referred to in the opinion.

We think that defense is not available in this case.

The substance of the defendant's evidence was that Henderson and Van Valkenburgh represented that they, with one Ackley, were engaged in business as partners; that they could buy out Ackley for $8,000; and by these and other representations induced defendant to agree to become a member of the firm in Ackley's place and to execute and deliver his notes to them for $8,000.

That the notes were to be held by the firm and were not to be sold or disposed of and were to be paid out of the proceeds of the business.

Although these representations were false, it cannot be said that the notes had no legal inception.

They were intended to represent an obligation.

The rule which renders void a note in the hands of a third party, who has purchased at a discount greater that the legal interest applies to instruments that have no inception between the parties or which are not intended to be available until discounted. This note in suit does not fall within that rule.

The judgment must be reversed and a new trial granted, costs to abide the event.

All concur, except POTTER, J., not sitting.

Judgment reversed.