THE FLOUR CITY NATIONAL BANK of Rochester, Respondent, *v.* ERNEST D. GROVER and Others, Appellants.

*Promissory note — possession thereof presumptive proof that the plaintiff is a bona fide holder — proof of fraud — presumption from a failure to deny a statement — declarations of the president of a bank — failure of consideration — a promise not a misrepresentation.*

In an action brought upon promissory notes the presumption is, upon the production of such notes by the plaintiff at the trial, that the plaintiff became the owner of them before maturity, and that he was a *bona fide* holder thereof for value, but if it appear that they were obtained by fraud the burden is shifted to the holder to prove that he was the holder of the notes in good faith and for a valuable consideration.

In case the notes are shown to have been obtained by fraud, the question whether the plaintiff is a *bona fide* holder thereof for value, where the evidence as to the *bona fides* of the plaintiff consists of the testimony of the plaintiff's cashier, is a question of fact for the determination of the jury.

In an action at law based on fraud the fraud must be clearly proven; it will not be presumed, nor on mere probabilities be assumed.

The fact that, in the presence and hearing of a party to an action, a statement is made pertaining to the matter in question which it is for his interest to controvert, and he does not deny it, is evidence for the consideration of the jury, who may treat his silence as an implied admission of the fact as stated.

Declarations of the president of a bank cannot bind the bank, nor are they admissible as evidence against it, unless they are made in regard to, at the time, and as a part, of a transaction within the scope of his agency.

It was shown upon the trial of an action that one Mrs. Cushman claimed to have, under a contract with a corporation, the exclusive right to sell a certain article in a particular territory for a specified period of time; that she entered into an agreement with one Grover to sell him all her rights in such territory and certain other property at a specified price, in payment of which were given the notes upon which the action was brought; that she had the contract as represented, and that it was exhibited to Grover at the time of the negotiation and was delivered to him at the time the agreement was made. Grover proceeded for a time in the performance of the business contemplated. He was subse-

quently advised by the company that permission for him to proceed under it was refused. It was not shown that the company had taken any action with a view of terminating the contract, or that it had advised Mrs. Cushman that it treated it as terminated.

*Held*, that although the right to declare the contract forfeited might have existed after the transfer to Grover, by reason of some default on the part of Mrs. Cushman, she was not chargeable with the knowledge that the company would avail itself of the power of forfeiture, and might have supposed from its non-action in that respect that it would not do so, without which her right to proceed in the performance of the contract would remain, and that she was not chargeable with fraud in that respect;

That by the existence of the right of the company to declare the contract forfeited, and its subsequent exercise of such right, there was a failure of consideration to that extent for the notes available to Grover as for a breach of the contract in that he did not receive what Mrs. Cushman undertook he should have by means of the transfer to him of the agency contract of the company;

That the promise or statement of Mr. Cushman, who conducted the business for Mrs. Cushman, that Grover would be allowed to go forward with the contract, was not fraudulent unless Mr. Cushman had been advised to the contrary; it was a mere promise or undertaking about a matter executory in character and not a misrepresentation as to an existing fact.

APPEAL by the defendants, Ernest D. Grover and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 26th day of November, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Monroe Circuit.

The action was brought upon three promissory notes of date January 20, 1893, made by the defendant Ernest D. Grover, for $663.04 each, payable to the order of the defendant Albert B. Grover at the Flour City National Bank on or before April 24, 1893. They were indorsed by the payee, by the defendant Rose E. Grover, and by the defendant Sarah J. Cushman.

The defendants Grover, by their answer, allege that the defendant Sarah J. Cushman, claiming to have the exclusive right to sell Yost's writing machine in certain counties of the State for the period of two years from November 3, 1892, with the option of two additional years if she should fulfill her contract, entered into an agreement with the defendant Ernest D. Grover to sell him all her rights in such territory and some machines, attachments, fixtures and certain other property, at the price of $1,989.12; that the notes were given in performance of the agreement. And that the defend-

ant Sarah J. Cushman then had no such right in those counties, having before then forfeited it, etc. And that the plaintiff was not a *bona fide* holder of the notes.

The trial court directed a verdict for the plaintiff.

*Horace L. Bennett*, for the appellants.

*Joseph S. Hunn*, for the respondent.

BRADLEY, J.:

Upon the production by the plaintiff of the notes at the trial the presumption was that the plaintiff became the owner of them by due course before maturity, and that it was a *bona fide* holder of the notes for value.

But if it had appeared that they were obtained by Sarah J. Cushman from Grover by fraud, the burden would have been shifted to the plaintiff to prove that it was a holder of the notes in good faith and for a valuable consideration. (*Case* v. *Mechanics' Banking Assn.*, 4 N. Y. 166; *First Nat. Bank* v. *Green*, 43 id. 298; *Vosburgh* v. *Diefendorf*, 119 id. 357.)

No fraud is alleged in the defendants' answer, nor did it appear on the trial that the notes were obtained by fraud on the part of Cushman from Grover.

Mrs. Cushman had with the Yost Writing Machine Company the agreement as represented. It was exhibited to Grover at the time of the negotiation, and was delivered to him at the time his agreement with Cushman was made, and he proceeded for a time in performance of the business contemplated. He afterwards called at the office of the company, and by one of its officers was there advised that permission for him to proceed under the Cushman contract was refused. If from the nature of the contract Cushman had no right to substitute the agency of another for the company by transfer of the contract, Grover, upon inspection of the contract, was equally with Cushman advised of the fact.

The allegation in the answer is that Cushman's right to proceed in performance of the contract was forfeited. It may be assumed for the purpose of the question that by reason of some default on the part of Cushman the company had the right to put an end to the further performance of it by her. It does not appear that the company had taken any action with that view or advised Cush-

man that it was so treated. And although the right to declare it forfeited may have existed after the transfer to Grover, by reason of some default on the part of Cushman, she was not chargeable with knowledge that the company would avail itself of the power to forfeit it, and may have supposed from the non-action of the company in that respect that it would not, without which her right to proceed in its performance would remain operative, and, therefore, she was not chargeable with fraud in that respect. But by the existence of such right and its subsequent exercise by the company there was a failure of consideration to that extent for the notes available to Grover as for breach of the contract in not receiving what Cushman undertook he should have by means of the transfer to him of the agency contract of the company. The main inducement to Grover in making the purchase was in the company's contract and his supposed right acquired to proceed under and pursuant to it.

At some time, after Grover had proceeded under the contract, but how long after does not appear, he learned that the company had asserted that it had no agency in the territory in question. He testifies that he then called upon Mr. Cushman, who it seems conducted the business for Mrs. Cushman, and told him what he had so learned, and that Cushman said, " There was some mistake about it ; that the company had written him, as he told me before, the contract could be turned over to me ; they would allow it to be turned over to me, give me the same terms he had." If it had appeared that Cushman had said to Grover before the agreement with him was perfected that the company had written him that the, contract could be turned over to him, there would, in view of the evidence that no such consent was given, have been some proof to permit the jury to determine that Cushman was chargeable with fraud in obtaining the notes, and, therefore, the burden of showing that the plaintiff was a *bona fide* holder of the notes for value would be cast upon it. But the evidence fails to show that such statement was made by Cushman before the transfer and notes were made. And if the jury had by the evidence been permitted to do so, and had found that the notes were obtained by fraud, the question whether the plaintiff was a *bona fide* holder for value would have been one of fact for the jury since the relation of the cashier to the plaintiff was such as to present the question of his credibility for

consideration. (*Joy* v. *Diefendorf*, 130 N. Y. 6.) The burden, however, was with the defendants to prove that the notes were fraudulently obtained by Cushman. In an action at law fraud must be clearly proved. It will not be presumed, nor, on mere probabilities, be assumed. The defendant E. D. Grover, when he made the agreement with Cushman, undoubtedly understood and believed that he would be permitted to proceed under the contract which was transferred to him. It may be assumed that he was so advised by Cushman, and the latter may have supposed that he could and would have the benefit of it. And his promise or statement that Grover would be allowed to go forward with it was not fraudulent unless he had been advised to the contrary, which does not appear. It was a mere promise or undertaking about a matter executory in character and not the misrepresentation as to an existing fact.

As nothing appears in the evidence of the transaction between Cushman and Grover to repel the presumption that the plaintiff was a *bona fide* holder and owner of the notes for value, the question arises whether any other reason appears in the evidence tending to impeach such relation of the plaintiff to them.

The defendant E. D. Grover testified that after this action was commenced he called upon Mr. Hathaway, the president of the plaintiff, and in the conversation had, amongst other things, said to him that Mr. Cushman had told him that the bank did not own the notes, and that Hathaway did not deny the statement. It is urged that this want of denial is some evidence of an admission on the part of the plaintiff that it was not the owner of the notes. That rule is applicable against a party to an action in whose presence and hearing something pertinent to the matters in question is stated, and which it is for his interest to controvert. Then the fact that he does not do so is evidence for the consideration of the jury, and it may treat his silence as an implied admission of the fact as stated. Hathaway was not a party to the action, and although he was president of plaintiff, his declarations cannot bind the bank, nor are they admissible as evidence against it unless they are made in regard to, at the time of, and as a part of, a transaction within the scope of his agency. (*Packet Co.* v. *Clough*, 20 Wall. 528; *Baptist Church* v. *Brooklyn F. Ins. Co.*, 28 N. Y. 153; *Luby* v. *Hudson R. R. R. Co.*, 17 id. 131.) It does not appear that Hathaway was then

engaged in the performance of any official duty of which the conversation referred to was a part. His declarations, therefore, if any had been made about the title of the bank to the notes, would not have been admissible. It was a mere conversation between Grover and him on the subject of the suit upon the notes, and whether the bank had taken title to them was dependent upon a past transaction, of which Hathaway may or may not have been advised. The cashier testified that he was discount officer of the bank; that the notes passed through his hands, as such, and were discounted.

The circumstances of the interview between Grover and Hathaway were not such as to render the failure of the latter to speak on the subject referred to any evidence of an implied admission on the part of the bank that it did not own the notes.

It seems that the bank held some bonds and mortgages as general collateral security for the liabilities of Cushman to it, which liabilities arose mainly upon paper discounted by it. Whether or not the security thus taken was adequate does not appear. The evidence upon that subject does not deny to the plaintiff the character of *bona fide* holder for value of the notes.

The letter of date January 16, 1893, from Cushman to Mayo, who by it was treated as in some way representing the company, offered in evidence and excluded, could have been of no benefit to the defendants if it had been received in evidence. The main feature of the letter was that Mrs. Cushman desired to transfer the business to a person not named in it, to do which consent was requested that such person take the agency. There is nothing in the letter importing that the contract had been forfeited, or that Cushman apprehended that it would be, but, on the contrary, it is there treated by Cushman as operative. Without some answer from the company, of which there was no offer to prove, the letter had no materiality for any legitimate purpose. There was no error to the prejudice of the defendants in any of the rulings at the trial.

The conclusion upon the evidence was required that the plaintiff by transfer before their maturity became and was the *bona fide* owner and holder of the notes for value.

The judgment should, therefore, be affirmed.

LEWIS, WARD and WERNER, JJ., concurred.

Judgment affirmed.