should die in the lifetime of the testator, the devise would not take effect, the estate would not vest, and it could not then be subject to the provision contained in the clause of the will in question. The testator gave to his son the farm, subject to the condition that, if he died without issue, the estate should go to certain grandchildren. The language of the will, I think, shows that the testator had in mind the vesting of the estate in his son, and his subsequent death without issue. He intended this condition to apply, not to a devise that should never take effect in consequence of the death of his son in his own lifetime, but to one under which the estate should vest in the son by his survival of the testator.

I conclude, therefore, that the case was properly disposed of below, and that the judgment should be affirmed, with costs payable out of appellants' share of the fund. All concur.

(8 App. Div. 90)

TOMPKINS COUNTY NAT. BANK v. BUNNELL & ENO INV. CO.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

NEGOTIABLE INSTRUMENTS—BONA FIDE HOLDER.

Defendant corporation placed bonds issued by it in the hands of one G. as its agent to sell to a third person, but, instead of selling them, G. pledged the bonds to plaintiff as collateral security for a debt owing by him. The bonds were negotiable in form, and plaintiff had no notice of the arrangement between defendant and G. *Held,* that plaintiff was a bona fide holder.

Appeal from special term, Tompkins county.

Action by the Tompkins County National Bank against the Bunnell & Eno Investment Company, impleaded with George L. Gray, to foreclose a pledge of certain debenture bonds deposited by defendant Gray with plaintiff to secure the payment of four promissory notes. Defendant investment company claimed that the bonds belonged to it, and that it had intrusted them to defendant Gray as its agent to sell to one Livermore, but, instead of selling them, he pledged them to plaintiff as collateral to secure the payment of his notes. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Before October 1, 1892, the plaintiff had discounted several notes for the defendant Gray upon the security of several bonds of other companies, among which was a bond for $500,—worth that amount. These notes were renewed several times upon the continued pledge of these securities. About, but prior to, March 7, 1893, the plaintiff, at Gray's request, surrendered to him the $500 bond last mentioned, and delivered to the plaintiff, in its place, as collateral, the appellant's said bond for $500. Afterwards, and on May 6, 1893, Gray executed and delivered to the plaintiff an agreement reciting the previous delivery to the plaintiff of the other bonds, and of the $500 bond here in question, "as security for the payment of certain loans made to me by said bank," and, for value received, agreeing and consenting that the same be held by the bank "as security for any and all notes made by me and held by said bank, or any renewals thereof, or for any notes which may be executed and delivered by me to the said bank hereafter," and, in case of default of payment of any of the notes, to dispose of the bonds, without

notice, and apply the proceeds to the payment of his indebtedness. Thereafter the bank renewed the said notes upon the credit of said collateral and said agreement. Default having been made in payment, this action is to foreclose plaintiff's lien upon all of the securities. The appellant alone defends.

Argued before LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Walter Welch, for appellant.
Wm. N. Noble, for respondent.

LANDON, J. The bond belonged to the appellant. It never had any legal inception in Gray's hands. It was delivered to him to enable him to give it a legal inception by selling it to Livermore at par, but this he did not do. Gray's act in transferring it to plaintiff, upon his own account, in exchange for another bond, and as collateral security for his own indebtedness to the plaintiff, was a fraud upon the appellant. The bond was negotiable, and, when transferred to the plaintiff, was not yet due, according to its terms. It was the bond of a private, and not of a municipal, corporation; and therefore the cases cited by the appellant as to the bona fides of a holder, who must at his peril look to see if the statutory requirements lying at the foundation of the authority to issue the bond have been complied with, have no relevancy. The case is one where, by the act of the maker, Gray was equipped with the apparent title to a bond of apparently completed inception. The bond was negotiable in form, and therefore the plaintiff's right to recover is to be tested by the rules applicable to negotiable promissory notes. Ledwich v. McKim, 53 N. Y. 307. As pledgee it is entitled to the same protection as if a purchaser. Bank v. Vanderhorst, 32 N. Y. 553; Bank v. Hoge, 35 N. Y. 65. Since the bond was pledged in fraud of the rights of the appellant, it was incumbent upon the plaintiff to convince the court, by its evidence, that it acquired the bond before maturity, in good faith, without notice of any facts impairing Gray's title to it, and, assuming the bond never had any inception in Gray's hands (Joy v. Diefendorf, 130 N. Y. 6, 28 N. E. 602), for full, and not a usurious, consideration (Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402). There was evidence upon all these questions, and the court determined them in favor of the plaintiff. That the plaintiff acquired the bond before maturity is not disputed. As to parting with value, the plaintiff surrendered to Gray another bond of equal value for it, and thus parted with full value. Bank v. Watson, 42 N. Y. 490; American Exchange Nat. Bank v. New York Belting & Packing Co., 148 N. Y. 698, 43 N. E. 168. Besides, the plaintiff, upon the security of this bond, renewed the Gray notes, and thereby extended their payment for definite periods. Such extension is of itself a valuable consideration. Cary v. White, 52 N. Y. 138. In a certain sense, the plaintiff received the bond upon an antecedent debt, but this is a statement of only part of the whole truth. It received this bond in exchange for another one of equal face value, whose validity and actual value are not questioned, and therefore holds it by the like title as it held the

bond it exchanged for it. As to good faith: The plaintiff had no actual notice of any defect in Gray's title. There is no reason given why this bond was of any benefit to plaintiff, over the one it surrendered for it. It made the exchange at Gray's request. Certainly, if it had had any suspicion as to Gray's title to it, it is improbable that it would have consented to take it in exchange for the other bond, as to which no defect in title is suggested. The plaintiff exchanged this bond for the other apparently to accommodate its customer, Gray, under circumstances which would not excite suspicion, unless the plaintiff had further knowledge than the evidence discloses.

We think the learned trial judge properly found for the plaintiff upon the evidence. The judgment should be affirmed, with costs. All concur.