(24 Misc. Rep. 737.)

FINN v. PETERSON et al.

(Supreme Court, Appellate Term. October 5, 1898.)

TRIAL—TAKING CASE FROM JURY.

     In an action for injuries received by falling into a coal hole, the owner of the premises and the coal dealer whose driver it was claimed had failed to cover the hole were made defendants, and the testimony of the owner and the driver negativing negligence was not contradicted. *Held*, that they were interested witnesses, and the weight of their testimony was for the jury.

Appeal from Tenth district court.

Action by John Finn against George Peterson and others. There was a judgment for defendants, and plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Gilbert D. Lamb, for appellant.
Porter & Kilvert, for respondent Peterson.
Albert I. Sire, for respondents Kupper.

GIEGERICH, J. The plaintiff fell into a coal hole in front of the premises No. 211 West Fifty-Eighth street, borough of Manhattan, and city of New York. The accident was due to the turning or slipping aside of the cover thereon, which the driver of the defendant Peterson removed by direction of the defendant Mary Kupper, when delivering coal to the latter on the day previous. The defendants Kupper were tenants occupying apartments in said premises, and the defendant Peterson was a coal dealer. The plaintiff's claim of negligence, as it appears from the complaint, is that the defendant Peterson's servant placed said covering on said coal hole, but negligently omitted to adequately fasten the same in position, and that the

defendants Kupper "negligently omitted to carefully close said coal hole, and fasten the cover thereof, after notice and knowledge of the fact that the same had been opened as requested by them, and had been negligently left unsafely covered." These allegations are controverted by the answers of the defendants. On the trial the driver of the defendant Peterson testified that, after leaving the coal in the chute, he cleaned the rim of the cover with his finger, replaced the cover, and tapped it with a shovel. The defendant Mary Kupper testified that "after the coal was in I saw that the man shut the cover, and tried it with the shovel, and then he moved away." When both sides rested, the defendants moved to dismiss the complaint. The motion was granted, despite the request of the plaintiff for submission to the jury of certain questions, and the latter noted an exception. This ruling seems to have been made upon the theory that the testimony of these witnesses was not contradicted, and therefore the court was bound to accept the same. But as the said defendant Mary Kupper was an interested party (Joy v. Diefendorf, 130 N. Y. 6, 28 N. E. 602; In re Dimock, 11 Misc. Rep. 610, 32 N. Y. Supp. 927; Brown v. James, 2 App. Div. 105, 37 N. Y. Supp. 529; Miner v. Hilton, 15 App. Div. 55, 44 N. Y. Supp. 155), and as the driver of the said defendant Peterson, since he was one of the persons charged with the negligence which resulted in plaintiff's injuries, was likewise an interested witness (Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402; McManus v. Woolverton [Com. Pl.] 19 N. Y. Supp. 545; Bank v. Grover, 88 Hun, 4, 34 N. Y. Supp. 496; Land Co. v. Newman, 1 App. Div. 1, 36 N. Y. Supp. 960; Dougherty v. Insurance Co., 3 App. Div. 313, 38 N. Y. Supp. 258), the weight to be given their testimony was a question for the jury, and hence the trial justice erred in refusing to submit it to them. Vide authorities supra.

For this reason the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

