(34 Misc. Rep. 195.)

M. GROH'S SONS v. SCHNEIDER et al.

(Supreme Court, Appellate Term. February 25, 1901.)

1. BILLS AND NOTES—CHECK—HOLDER IN DUE COURSE—NOTICE OF DEFECTS—EVIDENCE—DIRECTION OF VERDICT.
   Laws 1897, c. 612, § 91, declares that a holder of negotiable paper in due course is one who takes it in good faith, and without notice of any infirmity in the instrument or defect in the title of the person negotiating it. Section 94 provides that the title of a person who negotiates an instrument is defective, within the meaning of the act, when he negotiates it in breach of faith or under such circumstances as amount to a fraud.

Section 95 declares that to constitute notice of an infirmity in the instrument, or defect in the title of the person negotiating the same, the transferee must have actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith. *Held*, that 'where G., knowing that the payment of a certain check had been stopped, procured its transfer to him in payment of the then holder's debt, it could not be said, as matter of law, that the evidence raised no question as to G. being a holder in due course of such check; hence it was error to direct a verdict for G. in a suit on the check.

2. SAME—TITLE FROM HOLDER IN DUE COURSE.

Under Laws 1897, c. 612, § 97, providing that a holder of negotiable paper who derives his title through a holder in due course has all the rights of such holder, one did not derive his title from a holder in due course who took a check from another holding it on condition that if a certain thing happened he would have no title, and the thing happened, and the payment of the check was stopped.

3. SAME.

One who received a check from his brother without consideration, to be used to bind a bargain, conditioned on the happening of a certain event, and to be void if the bargain failed, was not a holder in due course, within Laws 1897, c. 612, § 97, providing that a holder of negotiable paper, deriving his title from a holder in due course, has all the rights of such holder.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by M. Groh's Sons against Charles Schneider and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

Charles S. Bloomfield, for appellants.
Gratz Nathan, for respondent.

BLANCHARD, J. The action was brought by plaintiff, a brewing company, upon a check of defendants made to the order of Louis Schneider, a brother of defendants. The case was tried by a justice of the municipal court and a jury, and resulted in a direction of a verdict for the plaintiff at the close of the trial. Considerable testimony was produced at the trial by both sides. The following facts connected with the execution of the check and its present possession by plaintiff appear from the testimony: One Feldman was the owner of a saloon upon which the plaintiff held a chattel mortgage. Louis Schneider entered into an agreement with Feldman whereby he (Schneider) was to become the purchaser of the saloon if the consent of the plaintiff, the brewing company, in whose name the license of the place stood, could be obtained. For this purpose the defendants gave to their brother Louis Schneider the check in suit, and, according to defendants' evidence, for the purpose of binding the bargain; it being agreed that the check was not to be used in the event of the brewing company refusing their approval to the proposed change of ownership, but to be returned to Louis Schneider. To obtain such consent, Louis Schneider, the day following the arrangement with Feldman for the sale, called upon the president of the plaintiff company, and after some conversation the plaintiff refused its consent. The payment of the check was immediately

stopped, and this knowledge was in the possession of plaintiff prior to its receipt of the check. Subsequent to this conversation with Louis Schneider, Feldman called on plaintiff, and had a conversation with the plaintiff's president, and he was at that time informed concerning the stopping of the check. In fact, without going into further details concerning the testimony adduced before the trial court, it is at least a fair inference from the evidence that plaintiff, through its president, was cognizant of all the facts of the transaction. The plaintiff procured the transfer of the check from Feldman to itself in part payment of Feldman's indebtedness to it. It was, therefore, a question of fact whether or not plaintiff was the holder of the check in suit "in due course," within the meaning of that term as used in the negotiable instrument law (Laws 1897, c. 612, § 91). By section 91 of this law the tests as to what constitutes a holder in due course are set forth, among which are that "he took it in good faith," and "that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it"; and by section 94 of the act it is provided that "the title of a person who negotiates an instrument is defective within the meaning of this act when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud"; and by section 95 it is provided that "to constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." Having in view the plain wording of these sections of the act, how can it be said, as matter of law, that no question as to plaintiff being a holder in due course was presented by the evidence? Plaintiff, however, claims title by virtue of section 97 of the act, which provides that "a holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter." Certainly it cannot be said, as matter of law, that Feldman is a holder in due course, or that Louis Schneider, who secured the check without any consideration from his brothers, who were present at the time the contract for the proposed sale was made, is such a holder. It was clearly error on the part of the trial justice to take the case from the jury, under the facts brought out at the trial.

The judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.