J. ED. JOHNSON, v. BUFFALO CENTER STATE BANK, Appellant

**Uncontradicted evidence:** SUBMISSION OF ISSUE. Where the evidence in favor of a party having the burden of proof on an issue is in no way contradicted or impeached, the court may assume the fact relied upon as proven, and need not submit that question to the jury.

**Banks and banking:** CERTIFICATE OF DEPOSIT: BONA FIDE HOLDER: EVIDENCE. Under the Negotiable Instruments· law it is competent for a *bona fide* holder, without notice, in suing on a certificate of deposit payable to the cashier of a bank and by him as cashier endorsed to plaintiff, to show that the endorser was in fact cashier of the bank and was acting in that general capacity in transferring the instrument; but it is not competent for the bank to show as against such *bona fide* holder that he was making use of his official title and authority in his individual interest.

**Bona fide holder:** NOTICE OF DEFECTS. The *bona fide* holder of a certificate of deposit is not chargeable with notice of any infirmity in the instrument or defect in the title of the party negotiating the same, unless he had actual knowledge thereof, or knew such facts in relation thereto as would indicate his bad faith in accepting the same.

*Appeal from Winnebago District Court.*— HON. CLIFFORD
P. SMITH, Judge.

FRIDAY, JUNE 7, 1907.

ACTION on a certificate of deposit issued by the Clay
County Bank of Felton, Minn., to " E. E. Secor, Cashier,"
and by indorsement of " E. E. Secor, Cashier," transferred
to the State Bank of Dows, and by that bank to plaintiff.
It is alleged that Secor, to whom as cashier the certificate of
deposit was issued, and by whom it was indorsed, was the
cashier of the defendant bank, and, acting in that capacity,
transferred the instrument to the State Bank of Dows.  In
the answer of defendant it is admitted that Secor was its
cashier at the time of the transaction in question; but it is
alleged that the Clay County Bank was a co-partnership of
which Secor was a partner, and that the certificate was made
use of by him for his own personal benefit, and not for the
use or benefit of the defendant bank, which received no con-
sideration therefor, and that Secor acted without the knowl-
edge or consent of any officer or agent of the defendant bank
and without its authority.  It is alleged also that the in-
dorsement by " Secor, Cashier," was wholly by way of ac-
commodation.  By general denial the allegations of the peti-
tion that plaintiff became holder of the certificate of deposit
before maturity for a good consideration and without notice
of any defenses were put in issue.  At the conclusion of the
evidence introduced on the issues thus presented the court
directed a verdict for the plaintiff, and from the judgment
on that verdict defendant appeals.— *Affirmed.*

*J. A. Brown,* for appellant.

*E. P. Andrews,* for appellee.

McCLAIN, J.— The first contention for the appellant
is that the question whether plaintiff was a holder of the

certificate of deposit in due course — that is, a purchaser
for value before maturity without notice of
any defenses — should have been submitted to
the jury. But it is conceded that there was
sufficient evidence for the plaintiff on this issue to support a
verdict, and that this evidence is wholly uncontradicted. The
rule in this State seems to be that, where the evidence in
favor of the party having the burden of proof on an issue is
in no way contradicted or its credibility affected by impeach-
ment, the court may assume the fact relied upon to be proven,
and need not submit the question to the jury, for a verdict
against such evidence would be set aside. The case of *Joy
v. Diefendorf,* 130 N. Y. 6 (28 N. E. 602, 27 Am. St. Rep.
484) is relied upon for appellant as holding that, where the
transferee of a negotiable instrument has the burden of prov-
ing *bona fides* and relies upon his own testimony as a witness
in proof of that fact, the question should be submitted to the
jury, although his testimony is uncontradicted. This case
seems not to be in accordance with the rule in this State above
indicated. Furthermore, it is not parallel with the case at
bar, for we have in the record, not only the testimony of
plaintiff, Johnson, in support of his *bona fides,* but the de-
tailed testimony of the officer of the State Bank of Dows,
through whom the certificate of deposit was sold to the plain-
tiff. This testimony shows a *bona fide* transfer before ma-
turity for value and without notice, and the officer testifying
as a witness is, so far as the record appears, wholly disin-
terested. We think that, had the question been submitted to
a jury, there could have been no other finding than that
plaintiff was a *bona fide* holder without notice before ma-
turity on good consideration, and therefore in this respect
there was no error in directing a verdict.

The next contention is in substance and effect that Secor
was, in fact, negotiating the certificate of deposit in his own
interest, and not for defendant bank, and it is insisted that,
as the name of the defendant bank is not inserted in the in-

*Marginal note:* 1. UNCONTRADICTED EVIDENCE: submission of issue.

strument as payee, nor placed upon the back of it as in-

**2. BANKS AND BANKING: certificates of deposits: bona fide holder: evidence.** dorser, nothing was imported in the transaction involving liability on the part of defendant bank. But it is conceded in the record that Secor at the time the certificate was issued payable to him as cashier, and at the time it was indorsed by him as cashier, was in fact the cashier and managing officer of the defendant bank, and that the certificate was transferred apparently as a part of the business of the bank. In section 42 of the Negotiable Instruments Act (29th General Assembly, Code Supp. 1902, section 3060a42), it is provided: "Where an instrument is drawn or indorsed to a person as 'cashier' . . . of a bank, . . . it is deemed *prima facie* to be payable to the bank . . . of which he is such officer, and may be negotiated by either the indorsement of the bank, . . . or the indorsement of the officer." Under this provision it was competent for the plaintiff to show that Secor was the cashier of the defendant bank, and was acting in that general capacity in transferring the instrument, and as against plaintiff, a *bona fide* holder without notice, it was not competent for the defendant bank to show that as a matter of fact he was making use of his official title and authority in his own individual interest. Even were this not so, it clearly appears that the State Bank of Dows paid for the certificate of deposit by a Chicago draft payable "to the order of E. E. Secor, Cashier," and that the proceeds of this draft became a part of the funds of the bank. It seems to us that, as against the plaintiff, no further inquiry could be permitted. We must look at the whole transaction with reference to the position of plaintiff, an innocent holder for value. He was not charged with notice of the dealings between "Secor, Cashier," and the defendant bank which he represented, and in whose interest he appeared to act. Under the section of the Negotiable Instruments Act just quoted the relations of the parties were not different from what they would have been had the certificate of de-

posit been issued to the defendant bank and indorsed in its name by Secor, acting as its cashier.

Some circumstances are relied upon for appellant as proper to have gone to the jury as imputing notice to plaintiff that the certificate of deposit was not negotiated in the **3. Bona fide holder: notice of defects.** regular course of business by the defendant bank. It is said, for instance, that the certificate bears eight per cent. interest, which is unusual in banking transactions, and that it is also unusual for a bank to transfer a certificate of deposit instead of presenting it for payment. It must be remembered that plaintiff, a holder in good faith for value, is not chargeable with mere inferences which might be drawn from the nature of the transaction. In section 56 of the Negotiable Instruments Act, above referred to, it is provided: " To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." Certainly the facts relied upon for appellant have no tendency to indicate bad faith. The evidence is conclusive that plaintiff had no knowledge whatever or suspicion that the instrument was not transferred in perfect good faith, and in the usual course of business to the State Bank of Dows from which he procured it. There was nothing, therefore, on which a verdict for the defendant on the ground that it was not bound, by the act of its cashier in transferring the instrument, could have been supported.

The judgment is *affirmed.*