FLOOD v. STEINMETZ et al.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

1. BILLS AND NOTES ⚖=497—HOLDER IN DUE COURSE—PRESUMPTION.
　　The presumption is that a plaintiff, suing as indorsee of a negotiable instrument, is a holder in due course.
　　[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1448, 1675–1681, 1683–1687; Dec. Dig. ⚖=497.]

2. BILLS AND NOTES ⚖=525—HOLDER IN DUE COURSE—SUFFICIENCY OF EVIDENCE.
　　In an action on a check given in part payment for a bakery and lunch room, evidence *held* sufficient to authorize finding that plaintiff was not a holder in due course, immune from equities.
　　[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1832–1839; Dec. Dig. ⚖=525.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Eugene J. Flood against William Steinmetz and another. Judgment for plaintiff, and defendant Steinmetz appeals. Reversed, and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Meyer Greenberg, of New York City (Henry Greenberg, of New York City, of counsel), for appellant.

Daniel Drangle, of New York City (George L. Donnellan, of New York City, on the brief), for respondent.

GUY, J. [1, 2] In this action by indorsee of check against maker and payee, the defense of Steinmetz, the maker, was that he gave the check, payable to A. Buchler, to Louis Buchler, who said his name was A. Buchler, in the course of negotiations for the sale by Buchler of a lunch room business; that Buchler agreed not to transfer the check pending an investigation by the maker for the purpose of ascertaining whether the representations alleged to have been made by Buchler with respect to the business were true; that after investigation the vendee found that the representations were false and fraudulent, and he accordingly stopped payment of the check, which in violation of the

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

agreement was fraudulently transferred to the plaintiff, who had knowledge of the conditions under which the instrument was delivered.

The check was dated May 23d, and the plaintiff testified that at a quarter after 9 on Monday morning, May 25th, Buchler brought it to him; that there was then written on the face thereof, "This check is a deposit on 664 Sixth avenue, bakery and lunch room"; that Buchler owed the plaintiff over $1,900; that the plaintiff held a chattel mortgage for $1,000 on the store in question; that he had two bank accounts, but he did not deposit this check in his own bank, because he did not deposit strange checks in his bank; that after indorsing the check he gave it back to Buchler, for Mrs. Buchler to go down and get it certified; that at half past 10 Buchler brought back the check and laid it on the desk; and that "Payment stopped" was written on it. In the afternoon of the same day that the plaintiff swore he received the check and sent it to the bank to be certified, Buchler brought the check to the maker, demanding cash payment, and threatened to sue if it was not made.

While the evidence failed to prove that the plaintiff had any knowledge of the arrangement alleged to have been made between the maker and Buchler, it is apparent that, notwithstanding that presumptively the plaintiff was a holder in due course, the jury would have been authorized to find that he did not receive the check until after Mrs. Buchler had been to the bank and payment had been stopped, and that the paper was transferred for the purpose of maintaining an action against the maker free of any equities between him and Buchler, and such finding would have defeated a recovery. American Exch. N. Bk. v. N. Y. Belting Co., 148 N. Y. 698, 43 N. E. 168; Joy v. Diefendorf, 130 N. Y. 6, 28 N. E. 602, 27 Am. St. Rep. 484; German-American Bk. v. Cunningham, 97 App. Div. 244, 89 N. Y. Supp. 836; M. Groh's Sons v. Schneider, 34 Misc. Rep. 195, 68 N. Y. Supp. 862. At the close of the evidence, however, the learned trial justice struck out the testimony given to establish the defense, and directed a verdict for the plaintiff. This was error requiring a reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.