(92 Misc. Rep. 170)

EDELSTEIN v. MECHLOWITZ et al.

(Supreme Court, Appellate Term, First Department.   October 25, 1915.)

1. EVIDENCE ☞220—ADMISSIBILITY.
   In an action on a note which was payable to the order of another than plaintiff, it was contended that the original payee was only an accommodation party, that plaintiff was the first holder, and that the note was void for usury, one of two checks which were given therefor having been immediately surrendered to plaintiff. *Held*, that evidence of statements concerning the checks made by one in defendant's presence was admissible.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 771–785; Dec. Dig. ☞220.]

2. USURY ☞26—NOTES—DISCOUNTS.
   Where a note given in payment for goods was duly executed and issued, it became a valid outstanding obligation, and could be legally sold for any sum, however small, in which case the fact that it was discounted for much less than its face value cannot be set up as usury.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 57, 58, 62; Dec. Dig. ☞26.]

Appeal from City Court of New York, Trial Term.

Action by David Edelstein against Philip Mechlowitz and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Horace London, of New York City, for appellant.

Bogart & Bogart, of New York City (John Bogart and Isidore Weckstein, both of New York City, of counsel), for respondent Mechlowitz.

Harry Schulman, of New York City, for respondent Scheinberg.

PAGE, J. This is an action upon a promissory note for $500, made by the defendant Mechlowitz, payable four months after date, to the order of the defendant M. Scheinberg, and discounted by the plaintiff for Scheinberg. The defense interposed was usury. The note was alleged by the defendants to have been given by Mechlowitz to Scheinberg without consideration and for the purpose of having Scheinberg discount it and return the proceeds to Mechlowitz. It was claimed that the plaintiff charged a discount of $150, giving Scheinberg two checks, one for $350, and one for $150, and the $150 check was immediately indorsed by Scheinberg and returned to the plaintiff.

The plaintiff's version of the transaction was that Scheinberg had bills for merchandise which he had sold to Mechlowitz, amounting to $570, and for which he received the $500 note on account, and that plaintiff advanced to Scheinberg $500 on the account in two checks, one for $350, and one for $150; the reason for the two checks being that Scheinberg wanted them certified that day, and plaintiff did not have sufficient funds in the bank on that day to certify more than $350. The plaintiff's daughter visited Mechlowitz's establishment with Scheinberg before the account was accepted, to verify the statement, and returned with a written statement, marked "O. K." by Mechlowitz,

---
☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which showed goods sold by Scheinberg to Mechlowitz to the amount of $570, with credit of payment by note $500, leaving a balance due of $70.

[1] The issues were sharply contested at the trial. One Louis Lande, a saloon keeper who recommended Scheinberg to the plaintiff, testified that on the date the note was discounted Scheinberg's brother came to him to cash the plaintiff's check for $350, which was certified. The plaintiff attempted to show further conversations of Lande with Scheinberg's brother concerning the $150 check. This was excluded, as not binding upon Scheinberg, for the reason that Lande stated he could not remember whether Scheinberg was present or not. Scheinberg himself was called as a witness, however, and declared that he was present with his brother when Lande cashed the check for $350. The conversation held at that time in the presence of Scheinberg, and the attending circumstances, especially the question of whether the $150 check was also presented to Lande to be cashed, should have been allowed. This testimony was important in determining one of the principal issues in the case, whether Scheinberg took both of plaintiff's checks with him when the note was discounted or left $150 with the plaintiff. Its exclusion was therefore reversible error.

[2] A more serious error was committed, however, by the learned trial justice in refusing at plaintiff's request to charge the jury that:

"If they believe the $500 note was given by the defendant Mechlowitz to the defendant Scheinberg on account of merchandise amounting to $570, that then plaintiff had a right to purchase the note for any sum, and that it must be a verdict for the plaintiff."

This was a correct statement of the law applicable to facts in evidence. The defendant's entire defense of usury was based upon the claim that the note was an accommodation note, and had no legal inception until it was discounted by the plaintiff at a usurious rate. There was evidence that Mechlowitz was indebted to Scheinberg in the sum of $570, and gave the note of $500 in part payment. If such were found to be the fact, the note was a valid outstanding note at the time it was discounted, and could be sold legally for any sum, and the defense must fail. Joy v. Diefendorf, 130 N. Y. 6, 28 N. E. 602, 27 Am. St. Rep. 484.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.