City National Bank of Auburn, Indiana, Appellant, v. M. R. Mason et al., Appellees.

**FRAUD:** Acts Constituting—False Statement of Intention. A false
1  statement, with intent to defraud, of what one *intends* to do may constitute a legal fraud. So held where a party, with such intent, falsely represented that he intended to erect valuable improvements on designated land, when, at the time, he had no such intention, nor were such improvements ever erected.

**EVIDENCE:** Parol As Affecting Writings—Conditional Delivery of
2  Note. Parol evidence is admissible to show that a negotiable promissory note, complete in itself, was not to be negotiated until the happening of a certain event.

**BILLS AND NOTES:** Holder in Due Course—When Issue for Jury.
3  Uncontradicted and unimpeached testimony that the holdership of a negotiable promissory note is in "due course," coupled with *no*

circumstance from which the jury could reasonably infer bad faith, renders the issue of such holdership one for the court. But *negligence* in the purchase of the note, *deliberate failure* to make inquiry as to the consideration therefor, and *equivocation* by the holder as to whether he was an owner or a mere collector, may be such as to carry such issue to the jury.

*Appeal from Hardin District Court.*—H. E. FRY, Judge.

JANUARY 10, 1922.

ACTION at law by plaintiff as a holder in due course on a promissory note executed by defendants. Defendants plead fraud in the inception of the note. Verdict of jury finding for the defendants and judgment for costs entered against plaintiff. Plaintiff appeals.—*Affirmed.*

*Geo. W. Ward,* for appellant.

*W. R. Williams* and *J. E. Burnstedt,* for appellees.

DE GRAFF, J.—Plaintiff predicates its right to recover against defendants on a promissory note for $522.16 executed by them to the De Soto Motor Car Company, which note was, as alleged, thereafter and before maturity for value sold to plaintiff without any knowledge or notice on the part of plaintiff of claimed defenses. The note bears date August 12, 1913, matured January 1, 1914, and was given for stock to be issued to the makers upon the incorporation of the payee company.

1. FRAUD: acts constituting: false statement of intention.

Two defenses are pleaded by defendants: (1) Fraud in the inception of the note. (2) That said note was negotiated and sold in violation of an agreement between the original parties thereto.

The court in an instruction on the first issue limited the jury to the consideration of but one of the alleged misrepresentations, to wit: that the "said De Soto Motor Car Company was going to erect, or that it was its intention and purpose to erect a manufacturing plant at Auburn, Indiana, with the proceeds of the capital stock of said company; said stock to consist of ten shares of $1,000 each." This was a proper limitation.

At first blush the fraud specification submitted appears to be simply a false promise, and not coupled or connected with any past or present material fact misrepresentation. The mere failure to carry out a promise or expressed intention *in futuro* does not *per se* constitute fraud. If such statements are made, and made in good faith and believed at the time by the representer to be true, then fraud cannot be predicated on such statements, even though the declared purpose was not consummated or the intention effectuated.

, Briefly stated a false promise to do something in the future does not constitute fraud. However, if the promise is made with no intention of performance, but for the purpose of accomplishing fraud, a different situation arises. *City Dep. Bank v. Green,* 138 Iowa 156.

''The state of a man's mind at a given time is as much a fact as is the state of his digestion. Intention is a fact.'' *Swift v. Rounds,* 19 R. I. 527.

Therefore to constitute fraud, as charged in the instant case, it must be established by a preponderance of the evidence not only that the alleged misrepresentation or statement was made, but also that at the very time of its making, the representer knew it was false, and that in fact there was no intention or purpose to erect a manufacturing plant as represented. The trial court so instructed. It is a fact question whether he made such statement falsely, and with a secret intention to mislead and deceive the defendants.

It is established with reasonable certainty that no manufacturing plant was ever erected, and the jury could reasonably have found from the circumstances that the proposed company was never incorporated or that stock was ever issued. The representer Field was the promoter of the De Soto Motor Car Company and was also the factory representative and salesman of the Zimmer Manufacturing Company of Auburn, Indiana, which was engaged in the manufacture and sale of automobiles. At the time the note was executed and delivered to him, he and he only, was organizing the proposed company by selling stock to be issued upon its incorporation.

We deem it unnecessary to recite in detail the testimony offered on behalf of the defendants in support of the fraud

pleaded. Sufficient to state that a jury question was presented and that the verdict is not without support in this record.

It is the further claim of the defendants that prior to the execution of the note and as an inducement to its delivery it was orally agreed between them and the representative of the

2. EVIDENCE: parol as affecting writings: conditional delivery of note. De Soto Motor Car Company that the said company would not negotiate or dispose of said note until the company was organized and defendants had received their share of stock, which in fact was never issued. The note was subsequently negotiated to the plaintiff bank by said company through Field and at the time of the transfer was indorsed "De Soto Motor Car Company. Per L. A. Miller." Both defendants testified that the note was not to be negotiated or sold until the stock was issued and that "he (Field) would take care of the notes and keep them in his possession until he issued us stock in the company."

The title of a person who negotiates a negotiable instrument in breach of faith is defective. Section 3060-a55, Code Supplement, 1913. When it appears that an instrument is negotiated in breach of faith or under such circumstances as amount to fraud then the presumption of *bona fides* no longer exists, and the burden is upon the holder to prove that he is in fact a holder in due course. *In re Estate of Philpott,* 169 Iowa 555.

As to all parties other than a holder in due course the delivery of the note may be shown to have been conditional. Section 3060-a16, ibid. Although the instrument is a complete contract in itself, parol evidence is admissible to prove that it was not to become enforcible until the performance of a condition precedent by the obligee. If the agreement or condition is violated and the note negotiated it is incumbent upon the indorsee to prove that he is a *bona fide* holder. *McNight v. Parsons,* 136 Iowa 390.

In other words the burden is upon the holder to prove that at the time the note was negotiated to him not only that he had no notice of any infirmity in the instrument, but also that he had no notice of any defect in the title of the person negotiating it. Section 3060-a52, ibid. The trial court submitted this issue under correct instructions.

The jury having resolved the evidence in favor of the de-

fendants on one or both of the propositions submitted, it must now be determined whether the plaintiff is a holder in due course and whether this question should have been submitted to the jury or determined by the court as a matter of law. Ordinarily the *bona fides* in the purchase of a negotiable instrument is a question of fact. When the evidence offered in support of the holder in due course is uncontradicted, the witnesses stand unimpeached, and no reasonable inferences may be drawn by the jury from the facts and circumstances surrounding the negotiation and purchase of the instrument tending to prove *mala fides*, a court is justified in refusing to submit such question to the jury. *Johnson v. Buffalo Center St. Bank,* 134 Iowa 731; *Edelen v. First Nat. Bank* (Md.), 115 Atl. 599.

3. BILLS AND
NOTES: holder
in due course:
when issue for
jury.

The rights of the plaintiff bank are to be determined by the simple test of honesty and good faith and not by a speculative issue as to its diligence or negligence. While carelessness or negligence is not the equivalent of notice, and as a matter of law not sufficient to defeat the title of a purchaser of a promissory note for value, it may be such that it tends to impeach the *bona fides,* and make a jury question. *Robertson v. U. S. Live Stock Co.,* 164 Iowa 230; *Iowa Nat. Bank v. Carter,* 144 Iowa 715.

Furthermore the purchaser of commercial paper is under no duty to investigate the consideration which moved the execution and delivery of such paper, and his failure to make inquiry is not to be charged against him as an act of bad faith. If it may be inferred, however, that he purposely or knowingly avoids such inquiry, or such facts are disclosed that would reasonably demand inquiry, his failure in this respect is proper subject-matter for the jury.

The negotiation and sale of the instant note was made through Mr. Field. The indorsement was made by the bookkeeper of the company who was not an officer of the payee. The indorsement was made upon the verbal authority of Mr. Field but the bookkeeper took the note directly to the bank and delivered it to the cashier of the bank. See *City Nat. Bank v. Mason,* 181 Iowa 824.

It is also shown that the bank first claimed that it held the

note for collection only, and sent notice to the makers to this effect. It is a reasonable inference that upon failure to secure payment, this suit was instituted by the bank claiming to be an innocent purchaser for value before maturity. These matters took the question of the *bona fides* to the jury.

Upon the whole record we find no prejudicial error and the judgment entered is therefore—*Affirmed*.

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.