NATIONAL BOND AND INVESTMENT COMPANY, Appellant, *v.* GEORGE HOWARD, Respondent.

Fourth Department, October 6, 1926.

Bills and notes — action by subsequent holder — defense of fraud and notice to plaintiff and also of usury — defendant's evidence cast burden on plaintiff of showing it was holder in due course — error to direct verdict for plaintiff.

In an action on a promissory note by a subsequent holder in which the defendant pleaded a conditional delivery and fraud in the negotiation of the note and that the plaintiff had notice thereof, and also pleaded the defense of usury, the evidence introduced by the defendant was sufficient to cast upon the plaintiff the burden of showing that it was a holder in due course, and it was error to direct a verdict in favor of the plaintiff, for that question should have been submitted to the jury.

APPEAL (as stated in notice of appeal)* by the plaintiff, National Bond and Investment Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 16th day of July, 1925, reversing a judgment of the City Court of Buffalo in favor of the plaintiff upon the verdict of a jury rendered by direction of the court, and granting a new trial.

*O'Grady, Orr, Morgan & Dudley* [*Harold E. Orr* of counsel], for the appellant.

*Daetsch, Paul & Lesswing* [*Wortley B. Paul* of counsel], for the respondent.

PER CURIAM.   Action in the City Court of Buffalo on a promissory note made by defendant to the Woodward Motor Company, Inc., and by it negotiated to plaintiff.   The answer pleaded a conditional delivery with fraud in the negotiation and notice thereof to plaintiff and also pleaded usury.   Plaintiff had judgment which was reversed and a new trial directed by the Special Term upon appeal. Plaintiff appeals.

The evidence on behalf of defendant was sufficient to cast upon plaintiff the burden of showing it was a holder in due course, and upon all the evidence the question was for the jury.   (*Joy* v. *Diefendorf,* 130 N. Y. 6; *Canajoharie Nat. Bank* v. *Diefendorf,* 123 id. 191, 202; *Hoberg* v. *Sofranscy,* 217 App. Div. 546.)

If. the note had no inception between the original parties, the evidence is sufficient to show usury in its purchase by plaintiff. (*Eastman* v. *Shaw,* 65 N. Y. 522; *Sabine* v. *Paine,* 223 id. 401.) The question of fact here is in substance the same as under the other defense.

Whether the plaintiff, a foreign corporation, was legally doing business in this State and whether certain moneys paid to plaintiff by the Woodward Motor Company, Inc., could be considered as payments on the note in suit were questions which arose more or less incidentally on the trial.

Whether plaintiff is a moneyed corporation and was doing business in this State within the provisions of section 110 of the Stock Corporation Law, will, on the new trial, depend upon the evidence then to be adduced.   The question need not be considered here.

Payment was not pleaded as a defense.   In any event we are of opinion that the defense was not made out.   It is apparent that there are substantial difficulties in its way.

---

* See Buffalo City Court Act (Laws of 1909, chap. 570), § 55, as amd. by Laws of 1916, chap. 428.— [REP.

We think the judgment must be affirmed, with costs; and since we do not know upon what ground the Special Term placed its decision, we have deemed necessary the foregoing brief statement of our own views.

All concur.    Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment affirmed, with costs.